## A03A1028. WILLIAMS v. THE STATE.
### (587 SE2d 187)

PHIPPS, Judge.

Jimmy Ray Williams was convicted of four counts of child molestation and one count of statutory rape. He claims that the evidence was insufficient to support his convictions and that the trial court erred by admitting similar transaction evidence. We find that the evidence authorized the jury to find Williams guilty and find no error in the admission of similar transaction evidence. Thus, we affirm.

1. When reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1]

Viewed in that light, the evidence showed that in January 2000, S. H. was living with her mother, stepfather (Williams) and a younger brother and sister. On January 24, S. H.'s mother was out of town for work and Williams allowed S. H. to invite a friend, A. H., to spend the night. At the time, S. H. was 13 years old and A. H. was 14. Williams asked S. H. and A. H. if they wanted to get drunk. They said that they had never done so before but would like to try it. Williams bought two half-gallons of liquor and drank it with S. H., A. H. and a seventeen-year-old neighbor.

A. H. testified that when S. H. went outside with the neighbor, Williams began rubbing her leg and vaginal area and would not stop. He then forced her into his bedroom, threw her onto the bed, took off her clothes and his clothes and had sex with her. After Williams left the bedroom, A. H. cried until she went to sleep and stayed in the room until the next morning. Williams allowed S. H. and A. H. to stay home from school the next day because neither girl felt well.

When S. H.'s mother returned from her business trip, she noticed that there were hair pins and bows in her bedroom that did not belong to her or S. H. She asked Williams and S. H. about it, and they told her that A. H. had spent the night and that they all had gotten drunk and the girls had skipped school. S. H.'s mother contacted the Department of Family and Children Services (DFACS) and requested an investigation. S. H. testified that she lied to DFACS about what

---

[1] *Cantrell v. State*, 231 Ga. App. 629 (500 SE2d 386) (1998).

had happened so that no one would get in trouble and A. H. testified that she told them only about the drinking.

S. H. testified that around Easter in 2000, when she and Williams were alone at home, he enticed her to use "crank" and marijuana with him and then masturbated in front of her. Several months later, Williams approached S. H. while she was in the bathroom and began masturbating. He then asked her to do it for him, but she refused. Around Christmas of 2000, Williams asked S. H. if he could "finger" her, and when she refused to allow him, he put his hand inside her underclothes. S. H. told him that she saw her mother pulling into the driveway, and Williams stopped. On other occasions, Williams told S. H. not to lie a certain way because "[i]t makes me want to fuck you" and that he wanted to have oral sex with her.

In the spring of 2002, S. H. asked her mother if she could go live with her father, and when she said "no," S. H. threatened to run away and live with him without her mother's permission. When her mother pressed her for an explanation, she revealed some of the things that Williams had done and said to her. S. H.'s mother then reported S. H.'s allegations to the sheriff's department. During subsequent conversations, Williams admitted to S. H.'s mother that he had had sex with A. H., but claimed that it was consensual.

The state presented evidence of a similar transaction that involved Williams's daughter, J. P., when she was 11 years old. J. P. testified that one night when she was in bed, Williams came into the room and began rubbing her bottom. She asked him to stop and pushed him out of the bed. Williams did the same thing three more times that night. J. P. said that Williams was drunk at the time. When she reported the incident to authorities, they accused her of lying and placed her in a foster home.

With respect to the charges relating to A. H. (statutory rape and child molestation), Williams argues that the state's witnesses offered conflicting testimony. But we need not resolve those conflicts. It is the jury's role to resolve conflicts in trial testimony.[2]

As for the charges relating to S. H. (three counts of child molestation), Williams states that no allegations were made until S. H. decided she wanted to go live with her father and her mother opposed the idea. He also points out that there was no mention of sexual activity during DFACS's investigation of the January 2000 incident. By these assertions, we assume that Williams is challenging the victims' credibility. But their credibility was a matter for the jury to

---

[2] *Berry v. State*, 268 Ga. 437, 438 (1) (490 SE2d 389) (1997).

determine, and the jury chose to believe their testimony that the charged acts occurred.[3]

We find that the evidence presented authorized the jury to conclude that Williams was guilty of the crimes for which he was convicted.[4]

2. Williams claims that the trial court erred by admitting the similar transaction evidence involving J. P. He argues that the incident was not sufficiently similar for several reasons: J. P. was only eleven and was his own daughter, not a stepdaughter or a nonfamily member; the sexual activity was different — touching of the bottom over clothing versus sexual intercourse and masturbation; J. P. was asleep at the time; and the incident with J. P. occurred over ten years ago.

Absent an abuse of discretion, we will not disturb a trial court's determination that similar transaction evidence is admissible.[5]

> [I]n crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. The exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses.[6]

All of the incidents involved inappropriate sexual activity with or in the presence of a minor female child. The similar transaction, like many of the charged offenses, occurred when Williams had been drinking alcohol or using drugs. "There is no requirement that the prior crime or transaction be absolutely identical in every respect."[7] And this court has held that the sexual molestation of young children or teenagers, regardless of the type of act, is sufficiently similar to be admissible as similar transaction evidence.[8]

Williams's claim that the prior act was too remote in time goes to the weight and credibility of the evidence, not its admissibility.[9] Because the similar transaction evidence was otherwise admissible, the lapse of approximately ten years between the incidents did not require the trial court to exclude the evidence.[10]

---

[3] *Dunagan v. State*, 255 Ga. App. 309 (1) (565 SE2d 526) (2002).

[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] *Condra v. State*, 238 Ga. App. 174, 175 (2) (518 SE2d 186) (1999).

[6] (Citations, punctuation and footnotes omitted.) *Eggleston v. State*, 247 Ga. App. 540, 541 (1) (544 SE2d 722) (2001).

[7] (Citation omitted.) *Hathcock v. State*, 214 Ga. App. 188, 192 (8) (447 SE2d 104) (1994).

[8] *Wilson v. State*, 210 Ga. App. 705, 708 (2) (436 SE2d 732) (1993).

[9] See *Turner v. State*, 245 Ga. App. 294 (2) (536 SE2d 814) (2000).

[10] See *Braddock v. State*, 208 Ga. App. 843, 844 (2) (432 SE2d 264) (1993) (where similar transaction evidence is otherwise admissible, lapse of 15 years does not make evidence inadmissible).

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 2, 2003.

*Billy M. Grantham*, for appellant.
*J. Brown Moseley, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.