## A04A0215. HANCOCK v. THE STATE.
### (593 SE2d 713)

PHIPPS, Judge.

An indictment was returned charging Yashun Hancock and Joel Stewart with possession of marijuana with intent to distribute. Stewart pled guilty and testified for the state at Hancock's trial. Hancock now appeals his conviction of the crime charged. Among other things, he challenges the sufficiency of the evidence to support the verdict, and he claims that the state failed to establish the requisite chain of custody for admission in evidence of the marijuana. Finding no merit in any of Hancock's claims of error, we affirm.

Agent Jon McHugh and other agents with the Hall County Multi Agency Narcotics Squad (MANS) executed a search warrant at 225 North Avenue, Apartment B in Gainesville on October 12, 2001. Stewart testified that he and Hancock were the sole residents of the split-level apartment. At the time of the search, Stewart was present in the apartment with several friends. Hancock was not there. Stewart identified the upstairs bedroom as his. In that bedroom, the agents found marijuana and firearms. The downstairs bedroom was identified as Hancock's. When the officers arrived on the premises, Hancock's bedroom was locked. The agents forced their way in and discovered additional firearms, four plastic bags that contained marijuana and altogether weighed about ninety-five grams or four ounces, hand scales commonly used in the drug trade for weighing drugs, $2,100 in stacks of $100 bills, and a box of sandwich bags that drug dealers commonly use to package drugs. Also found in the bedroom were utility bills for the apartment, addressed to Hancock. Stewart admitted that the marijuana in his bedroom belonged to him. But he testified that he did not have access to Hancock's bedroom; he had never been in Hancock's bedroom; and, therefore, none of the items in Hancock's bedroom belonged to him.

Agent McHugh put the marijuana taken from Hancock's bedroom into a sealed evidence bag. He placed his initials and a MANS

case number on the bag. At trial, McHugh identified state's Exhibit 1 as the bag. He testified that it did not appear to have been tampered with. He further testified that he maintained custody of the sealed bag until he delivered it to Ina Griffith, the evidence officer employed by the Hall County Sheriff's Office, for forwarding to the State Crime Lab in accordance with routine procedures. Jesse Brown, a laboratory scientist employed by the State Crime Lab, testified that on April 23, 2003, he received the sealed bag identified at trial as state's Exhibit 1. Brown testified that, according to routine crime lab procedures that were followed in this case, the sealed evidence bag was received at the crime lab by an evidence technician who placed the bag in a locked box to which only the technician had access. The bag was given a unique crime lab number and bar code. The evidence technician then delivered the bag to Brown, who maintained custody while the contents of the bag were being analyzed. Custody was then transferred back to the evidence technician, who returned the sealed evidence to the Hall County MANS.

1. Hancock challenges the sufficiency of the evidence to support the verdict primarily because he was not present at the time of the search, and there was no direct evidence that he was in possession of the marijuana and associated items in the downstairs bedroom.

The circumstantial evidence, however, viewed in a light most favorable to the verdict, was sufficient to authorize any rational trier of fact to conclude beyond a reasonable doubt that Hancock resided in the downstairs bedroom, that the items seized therefrom were his, and that the evidence thus excluded every reasonable hypothesis save that of Hancock's guilt.[1]

2. Hancock contends that the trial court erred in admitting state's Exhibit 1 in evidence because the state did not establish the required chain of custody.

"Where the State seeks to introduce evidence of a fungible nature, it must show a chain of custody which is adequate to preserve the identity of the evidence as that seized and show that there has been no tampering or substitution."[2] As explained more fully in *Phillips v. Williams*,[3]

> The proponent must show that the [drug] tested at the crime lab, for example, is the same as that seized from the accused. The proponent also must show that the drugs . . . were neither tampered with nor corrupted during their trav-

[1] See *Bussey v. State*, 263 Ga. App. 56, 57 (1) (587 SE2d 134) (2003).

[2] (Citation and punctuation omitted.) *Vickers v. State*, 234 Ga. App. 563, 566 (2) (507 SE2d 810) (1998).

[3] 276 Ga. 691 (583 SE2d 4) (2003).

els from crime scene to evidence room to laboratory to courtroom. Proving the chain of custody for fungible evidence "means accounting for the safekeeping and transportation of the evidence from seizure to trial."[4]

Hancock argues that the state failed to show a chain of custody because the evidence officer to whom Agent McHugh delivered the evidence did not testify and because Brown could not positively identify the evidence technician who delivered the evidence to him at the crime lab. In this case, however, unlike *Phillips* (relied on by Hancock), the state showed that the investigating officer took the evidence into custody at the crime scene and placed it in a sealed bag with identifying marks; that, according to routine procedures, the sealed bag was delivered to a certain evidence officer in Hall County; that, again according to routine procedures, the Hall County evidence officer delivered the sealed bag to a crime lab technician; and that the technician, in turn, delivered the sealed bag in an unaltered state to the laboratory scientist who analyzed the contents of the bag. The state thus complied with the requirement that it show with reasonable certainty that the substance tested at the crime lab was the substance seized from Hancock's bedroom at the crime scene.[5] The fact that everyone in control of a fungible substance does not testify does not, without more, make the substance or testimony relating to it inadmissible.[6]

3. Hancock contends that the trial court abused its discretion in excusing a prospective juror for cause.[7] But because voir dire was not transcribed, we must presume that this portion of the trial was conducted in a regular and proper manner.[8]

4. Hancock contends that the court erred in charging the jury on both sole and joint possession, because the indictment charged him and Stewart only with joint possession of the marijuana. This contention is without merit, as the indictment charged both indictees with possession of marijuana with intent to distribute. The court correctly charged the jury that the law recognizes that possession may be sole or joint.[9]

---

[4] (Footnotes omitted.) Id. at 691-692.

[5] See id. at 692.

[6] See *Eppinger v. State*, 231 Ga. App. 614, 615 (2) (500 SE2d 383) (1998), and cits.

[7] See generally *Bell v. State*, 276 Ga. 206, 207 (2) (576 SE2d 876) (2003); *Head v. State*, 276 Ga. 131, 133 (2) (575 SE2d 883) (2003); *Corza v. State*, 273 Ga. 164, 166 (3) (539 SE2d 149) (2000).

[8] *Campbell v. State*, 253 Ga. App. 325, 326 (2) (558 SE2d 857) (2002).

[9] See, e.g., *Price v. State*, 240 Ga. App. 37, 38-39 (1) (522 SE2d 543) (1999); compare *Doomes v. State*, 261 Ga. App. 442, 444-445 (7) (b) (583 SE2d 151) (2003) (applying rule that court errs in instructing jury that crime may be committed in more than one manner, where indictment charges defendant with committing crime in only one manner, and evidence would support finding that defendant committed crime in uncharged way).

5. Hancock claims that because this was his first felony conviction, the court abused its discretion in refusing to sentence him under the First Offender Act. The court did not abuse its wide discretion in this regard, as this was not Hancock's first drug conviction, and the evidence showed that he was in possession of firearms along with marijuana intended for distribution.[10]

6. Finally, Hancock contends that the trial court erred in imposing a waiver of his Fourth Amendment rights as a condition of probation, over his objection. Hancock correctly argues that "a Fourth Amendment waiver should not have been imposed absent a negotiated [guilty] plea or a valid waiver of such a right."[11] However, "the supervision necessary to operate a probation system presents special needs that 'may justify departures from the usual warrant and probable-cause requirements.' [Cit.]"[12] "And we will not presume that any search that may take place in the future under the authority of a probation officer will be unreasonable, even if it is warrantless."[13] Therefore, this probation condition is not unlawful per se and need not be modified.[14]

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED JANUARY 22, 2004.

*Leo E. Benton, Jr.*, for appellant.
*Jason J. Deal, District Attorney, Deborah R. Mitchell, Assistant District Attorney*, for appellee.

---

[10] See generally *Cook v. State*, 256 Ga. App. 353, 354 (1) (568 SE2d 482) (2002).
[11] (Footnote omitted.) *Millsap v. State*, 261 Ga. App. 427, 429 (3) (582 SE2d 568) (2003).
[12] *Harrell v. State*, 253 Ga. App. 440, 442 (2) (559 SE2d 155) (2002).
[13] Id.
[14] Id.; *Millsap*, supra.