## A05A0044. BROCK v. THE STATE.

(605 SE2d 907)

ELDRIDGE, Judge.

A Lamar County jury convicted defendant Reece Brock of one count of aggravated child molestation and two counts of child molestation. Crediting him with time served, the superior court sentenced Brock concurrently to serve 45 years confinement. Brock appeals from the denial of his motion for new trial, as amended, contending that the superior court erred in finding that he had been afforded his

---

constitutional right to testify; erred in finding that he received effective assistance of counsel for trial counsel's failure to advise him of his right to testify; erred in finding the State's evidence sufficient beyond a reasonable doubt as to Count 1 of the indictment, aggravated child molestation upon child victim R. W. B., for evidence that the applicable statute of limitation had not run; erred in admitting the child hearsay statements of R. W. B.'s younger sister, child victim J. L. B.; erred in denying him his right to cross-examine J. L. B.; erred in commenting on J. L. B.'s testimony as truthful; erred in allowing into evidence child hearsay statements made by R. W. B. with no hearing on the indicia of reliability of these statements as child hearsay; and erred in finding that he had received effective assistance of counsel notwithstanding trial counsel's failure to object to R. W. B.'s hearsay statements. As Brock's claims of error are without merit, we affirm.

1. Brock correctly contends that the superior court did not conduct an inquiry at trial to determine whether he wished to testify. However, this it was not required to do, *Mobley v. State*, 264 Ga. 854, 856 (452 SE2d 500) (1995), the primary responsibility for the advisement of such fundamental constitutional right[1] is with trial counsel. Id. In this regard, at the motion for new trial hearing, trial counsel, conceding that he had not advised Brock of his right to testify at trial, testified that he had done so as a matter of standard operating procedure upon initially interviewing him. This Brock denied, although, through trial counsel, he had submitted his Request to Charge No. 6, "Defendant's Failure to Testify"; he was present during the superior court's preliminary charge to the jury wherein jurors were advised of his right to testify or remain silent; and he did not ask counsel to testify when the superior court asked if there were anything further at the close of his case. Under these circumstances, the superior court did not abuse its discretion in finding that Brock had been duly advised of his right to testify. "The trial court's decision on a motion for new trial will be upheld on appeal unless it was an abuse of discretion." (Citation and punctuation omitted.) *Rowland v. State*, 228 Ga. App. 66, 68 (2) (491 SE2d 119) (1997). "[I]t is the function of the trial court at the hearing on the motion for new trial to determine witness credibility and to resolve any conflicts in the testimony. [Cit.]" *Mobley v. State*, supra.

2. Inasmuch as we have held that the superior court did not err in finding that Brock had been advised of his constitutional right to

---

[1] "In *Rock v. Arkansas*, 483 U. S. 44 (107 SC 2704, 97 LE2d 37) (1987), the United States Supreme Court recognized that a criminal defendant has a constitutional right, based on Fifth and Sixth Amendment guarantees and due process considerations, to testify in his or her own defense." Id. at 855-856.

testify in his own defense, Brock's claim that he was denied effective assistance of counsel for the failure to advise him of such right does not lie for no showing of deficient performance as counsel. To show the denial of effective assistance of counsel, Brock was required to establish the deficient performance of trial counsel and that the deficiency inured to his detriment at trial. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985).

3. If the victim of aggravated child molestation occurring on or after July 1, 1992, is under 16 years of age on the date of the violation, the seven-year statute of limitation thereon[2] begins to run on the date of the child victim's sixteenth birthday or from the date "the violation is reported to a law enforcement agency, prosecuting attorney, or other governmental agency." OCGA § 17-3-2.1 (a), (b). Count 1 of the indictment alleged aggravated child molestation by oral sodomy upon R. W. B., then under 14 years of age, "between the 31st day of August 1992 and the 31st day of August 1995." At trial, R. W. B. testified that his father had required him to perform oral sex on him during the period 1988 through 1993. R. W. B.'s mother notified the police of the complained-of conduct in November 1996. A Lamar County Department of Family and Children Services ("DFCS") caseworker testified that R. W. B. told her later that month that Brock had required him to orally sodomize him on a continuing basis through 1994. R. W. B. turned 16 during the July 1997 trial of the case. Under these circumstances, the evidence of aggravated child molestation against Brock was not insufficient for the expiration of the applicable statute of limitation. "The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Williams v. State*, 233 Ga. App. 217 (1) (504 SE2d 53) (1998)[, overruled on other ground, *Curtis v. State*, 275 Ga. 576, 578 (1) (571 SE2d 376) (2002)]." *Green v. State*, 249 Ga. App. 546, 548-549 (1) (547 SE2d 569) (2001).

4. Brock contends that the superior court abused its discretion in admitting the child hearsay statements of J. L. B. for insufficient indicia of reliability and the superior court's determination, in the presence of the jury, that the child was unable to testify. At its pre-trial *Gregg*[3] hearing, the superior court reserved its ruling upon the admissibility of the children's hearsay statements. And, rather than entering a formal ruling on the matter at trial, the superior court, without objection, admitted such hearsay in evidence. The

---

[2] The statute of limitation for aggravated child molestation committed against victims "under the age of 18 years must be commenced within seven years after the commission of the crime." OCGA § 17-3-1 (c), (c.1) (4).

[3] *Gregg v. State*, 201 Ga. App. 238 (411 SE2d 65) (1991).

question of the inadmissibility of the hearsay statements of the children for want of sufficient indicia of reliability is therefore waived on appeal. "It is too late to urge objections to the admission of evidence after it has been admitted without objection; failure to object to evidence when it is offered amounts to a waiver of any objection that might have been raised. [Cit.]" *Mayo v. State*, 261 Ga. App. 314, 318 (582 SE2d 482) (2003).

Brock contends that J. L. B., then age ten, was unavailable to testify because she could not control her crying when the court asked her to "[t]ell the jury and tell me, all these people here what happened to you, if anything." The record shows that the superior court then commented, "She's not going to be able to tell us what happened." In doing so, the superior court observed that it would allow counsel an opportunity to question the child the following morning, whereupon Brock's attorney stated, "No, sir, your honor. We won't ask any questions." Under these circumstances, there was no unavailability of J. L. B. upon the complained-of comment of the superior court. In any event, because J. L. B. was present and available to testify at trial, inadmissibility of her hearsay statements does not obtain under OCGA § 24-3-16's requirement that the child victim be available to testify.

> So long as the witness is made available for confrontation and cross-examination, the defendant's rights are protected, even if the witness is uncommunicative or unresponsive. . . . A witness' responsiveness or unresponsiveness, evasiveness or directness are all factors which can be assessed by the jury and may raise a reasonable doubt.

(Citations and punctuation omitted.) *Bell v. State*, 263 Ga. App. 894, 896 (1) (589 SE2d 653) (2003).

5. Neither were the child hearsay statements of J. L. B. inadmissible for denial of Brock's right to cross-examine the child for the superior court's comment that she was unable to continue her testimony, as above. Through counsel, Brock waived the right to cross-examine the witness. J. L. B. was available to testify. Division 4, supra. Accordingly, the superior court did not err by denying Brock the right to cross-examine J. L. B.

6. Brock contends that the superior court improperly commented on the evidence by its statement that J. L. B. would not be able to continue her testimony. Because Brock does not support this claim of error by citation of authority, we deem it abandoned. Court of Appeals Rule 27 (c) (2). Even were this not the case, it is self-evident that no improper comment on the evidence here occurred for want of any intimation of guilt or innocence of the accused. OCGA § 17-8-57; see

*Shields v. State*, 272 Ga. 32, 34 (5) (526 SE2d 845) (2000) (trial court's examination of witness not cause for new trial absent expression of opinion on facts of case, what has been proved, or argumentative questioning); *Norris v. State*, 240 Ga. App. 231, 232 (523 SE2d 80) (1999) (judge's comments on competency of a witness not improper comment on the evidence).

7. Further, Brock challenges the admissibility of the child hearsay statements attributed to R. W. B., arguing that the superior court had not considered these at its *Gregg* hearing and that certain of these statements were made when he was over the age of 14. Because, at trial, Brock failed to object to the admission evidence of the hearsay statements made by R. W. B. when he was 15, this claim of error is waived on appeal. *Mayo v. State*, supra.

8. Finally, Brock challenges the effectiveness of counsel for failure to object to the child hearsay statements made by R. W. B. There is no requirement that a trial judge conduct a *Gregg* hearing to determine "indicia of reliability" before receiving child hearsay in evidence. *Reynolds v. State*, 257 Ga. 725, 726 (2) (363 SE2d 249) (1988). Neither must trial judges render an express finding with respect to the reliability of child hearsay. *Crider v. State*, 246 Ga. App. 765, 766-767 (1) (542 SE2d 163) (2000). Consequently, trial counsel was not ineffective on this basis. Deficient performance as counsel does not result upon the failure to object to a meritless objection. *Hayes v. State*, 262 Ga. 881, 884-885 (3) (c) (426 SE2d 886) (1993). And while Brock correctly contends that the child hearsay statements R. W. B. made to the police and DFCS in November 1996 were inadmissible under OCGA § 24-3-16, R. W. B. as then 15, such error was harmless given his testimony at trial in support of the allegation of aggravated child molestation. Hearsay evidence is inadmissible and of no probative value, and its admission in evidence "without objection does not give it any weight or force whatever in establishing a fact." *Day v. State*, 235 Ga. App. 771, 772 (2) (510 SE2d 579) (1998). The testimony of the child alone is sufficient to establish a conviction for aggravated child molestation. *Putnam v. State*, 264 Ga. App. 810, 811 (3) (592 SE2d 462) (2003). And, where as here there is no prejudice, ineffectiveness of counsel does not lie. *Strickland v. Washington*, supra; *Smith v. Francis*, supra.

Consequently, the superior court did not err in denying Brock's motion for new trial, as amended, insofar as it was based upon ineffectiveness of counsel as to the admissibility of the child hearsay statements made by R. W. B.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED OCTOBER 29, 2004.

*John L. Strauss*, for appellant.
*Richard G. Milam*, District Attorney, *Wanda G. Johnson, Bill D. Golden*, Assistant District Attorneys, for appellee.