## A05A2239. HOWELL v. THE STATE.

(629 SE2d 398)

MIKELL, Judge.

After a jury trial, Carl Howell was convicted of one count of child molestation and sentenced to twenty years to serve. On appeal, Howell raises several enumerations of error, including that the trial court failed to grant a mistrial after one witness testified as to the victim's credibility, that it impermissibly admitted the testimony of the victim under the Child Hearsay Statute, that it failed to instruct the jury on sexual battery, and that it improperly charged the jury on the child molestation statute. Based on the reasons outlined below, we affirm.

"On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence."[1] So construed, the evidence shows that on the evening of November 9, 2002, Howell spent the night at the home of Christy Ellerbee, with whom he had two daughters, who were twelve and six years old.[2] Also present in Ellerbee's home that night were Ellerbee's five-year-old niece, J. E., the victim herein, and Ellerbee's nephew. Ellerbee explained that her niece stayed with her that night because the child's mother was working. Ellerbee testified that once Howell decided to spend the night, he retired to her bedroom to watch television; that she later joined him; that Howell got up to use the bathroom; that after he did

---

[1] (Punctuation and footnote omitted.) *Dean v. State*, 252 Ga. App. 204 (555 SE2d 868) (2001).

[2] Only Howell's 12-year-old daughter testified in this case. We will refer to her as his oldest daughter to protect her identity.

not return to her room, she decided to look for him; and that she found him in her youngest daughter's room lying on top of J. E. Ellerbee called the police.

Sergeant Jeff Little of the Thomaston Police Department investigated the incident. Little testified that he met Ellerbee and the victim at the Upson Regional Medical Center and took J. E.'s oral statement at approximately 1:00 a.m. on November 10. Little further testified that J. E. told him that Howell "put his ding-ding in her cootie-cat." Little conducted a videotaped interview of J. E. days later on November 13, which videotape was admitted into evidence.

In the written statement that Ellerbee gave to the police after the incident, Ellerbee said that when she saw Howell lying on top of J. E., he was "sleep rolling in the manner of having sex" and that J. E. told her that he pulled her underwear down. At trial, however, she testified that she remembered that Howell was lying on top of J. E., but she did not know what he was doing.

Dr. Kathy Davis, a pediatrician tendered as an expert in the area of child abuse by the state, testified that she examined J. E. on November 11; that J. E. told her that Howell "put his ding-ding inside me . . . he came into my room, [and] got on top of me" but denied oral or rectal penetration; that J. E. also told her that it did not hurt and that she did not experience any burning upon urination after the incident. Dr. Davis also testified that when she physically examined J. E., she found no evidence of penetration but she did find discharge in J. E.'s vaginal area. Dr. Davis opined that the discharge could have been caused either by poor hygiene, specifically "pushing poop into the hymen," by fondling or by the defendant placing his penis in J. E.'s vaginal area. Additional facts will be provided as needed below.

1. Howell contends that the trial court erred by failing to grant a mistrial or give a curative instruction after one of the witnesses testified as to the victim's credibility.

"We review a trial court's denial of a motion for mistrial under an abuse of discretion standard, and we will reverse the trial court's ruling only if a mistrial is essential to the preservation of the right to a fair trial."[3]

Defense counsel cross-examined Howell's oldest daughter to establish that she had not witnessed the alleged incident. During the course of the cross-examination, defense counsel asked, "You didn't see anything, did you?" The child responded, "No. But I had — I know that my little cousin is not going to lie about it." Defense counsel objected and moved to strike this testimony, which motion was

---

[3] (Punctuation and footnote omitted.) *Brown v. State*, 260 Ga. App. 77, 81 (5) (579 SE2d 87) (2003).

denied. Defense counsel did not request a curative instruction at that time. At the close of testimony for the day, however, defense counsel moved for a mistrial on the grounds that the child's testimony was improper because she bolstered the victim's credibility. The trial court denied the motion. On the next morning, defense counsel presented a curative instruction to address the testimony at issue and the trial judge stated, "I'll look at it." But defense counsel did not request that the instruction be read at that time.

We agree that the credibility of a witness is a jury question[4] and that it is improper for one witness to bolster the testimony of another.[5] In this case, however, the trial court took remedial measures to ensure that Howell received a fair trial.[6] At the charge conference, the trial court instructed defense counsel that it would adopt his curative instruction but would remove the language identifying the particular witness, and defense counsel acquiesced thereto. In accordance therewith, the trial court charged: "[i]t is improper for any witness to comment upon, testify about, or otherwise bolster the credibility of other witnesses. For that reason I instruct you to ignore any comment or testimony of any one witness concerning the credibility of another witness." In light of this instruction, we find that the trial court did not abuse its discretion when it denied Howell's motion for a mistrial.

2. Howell argues that the trial court erred when it permitted the state to introduce the testimony of the victim under the provisions of the Child Hearsay Statute despite the state's failure to prove the reliability of the testimony. Howell maintains that the admission of the testimony violated his right to confront and cross-examine the witness. We disagree.

The record shows that Howell's oldest daughter, Ellerbee, Little, and the pediatrician all testified that the victim told them that Howell put his "ding-ding" inside of her. OCGA § 24-3-16 provides that

[a] statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and

---

[4] OCGA § 24-9-80.

[5] See *Brown*, supra at 79 (2).

[6] See *McCoy v. State*, 273 Ga. 568, 572 (9) (544 SE2d 709) (2001) (a trial court's ruling on a motion for mistrial will not be disturbed if the court has taken remedial measures sufficient to ensure a fair trial).

the court finds that the circumstances of the statement provide sufficient indicia of reliability.[7]

"The trial court has broad discretion in determining the admissibility of child hearsay evidence, and we will reverse a trial court's ruling on the admissibility of statements under OCGA § 24-3-16 only if the trial court abused its discretion."[8]

Howell maintains that under *Crawford v. Washington*,[9] the statements and videotaped interview of the victim violated his Sixth Amendment right to confrontation because they were testimonial in nature. Rejecting a similar argument in *Starr v. State*,[10] this court held:

Assuming, without deciding, . . . that the interview was testimonial in nature, we find no basis for reversal. The United States Supreme Court explicitly stated in *Crawford* that if a "declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements. The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." (Citations omitted.) 124 SC at 1369. Although the victim did not testify, the record shows that she was available for cross-examination. The prosecutor stated that the victim was in the courthouse and "available if necessary." We therefore find no error with respect to this contention.[11]

In the instant case, the court inquired as to the child's availability to testify immediately after the state indicated that it wished to introduce the statements the victim made to others. The court also explained that both parties would have the opportunity to call the victim as a witness. When defense counsel was asked at the close of the state's case whether he intended to present any witnesses, he stated "only my defendant, possibly." Howell cannot decide not to call the victim as a witness at trial, then complain on appeal that his right

---

[7] In *Woodard v. State*, 269 Ga. 317, 321-323 (3) (496 SE2d 896) (1998), our Supreme Court found unconstitutional the portion of the statute that allows for the introduction of the hearsay statements of a child who witnessed the alleged abuse.

[8] (Citation and punctuation omitted.) *Fiek v. State*, 266 Ga. App. 523, 524 (1) (597 SE2d 585) (2004).

[9] 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004).

[10] 269 Ga. App. 466 (604 SE2d 297) (2004).

[11] (Punctuation omitted.) Id. at 468-469 (2) (a). See also *Brock v. State*, 270 Ga. App. 250, 253 (4) (605 SE2d 907) (2004) ("So long as the witness is made available for confrontation and cross-examination, the defendant's rights are protected.") (citation omitted).

to confrontation was violated. As the victim was available for cross-examination, the trial court did not abuse its discretion when it admitted the testimony.

Howell also argues that the state did not satisfy the prong of OCGA § 24-3-16 that requires a finding of sufficient indicia of reliability. To the extent that Howell is arguing that the statement was unreliable, he asserts no argument in support of this position. Therefore, this claim of error is abandoned.[12] Additionally, we note that the statute does not place the burden of proving reliability upon the state. Rather, it provides that the court must find that the circumstances under which the statement was given provide sufficient indicia of reliability. In doing so, the trial court is not required to "make an express finding that the circumstances of the statement at issue provide sufficient indicia of reliability before admitting the statement, as this statutory requirement is met if after both parties have rested, the record contains evidence which would support such a finding."[13] The trial court viewed the videotape in camera before it was played for the jury, and though it was not required to do so, made an express finding that it contained an indicia of reliability. The record also supports the trial court's finding that the statements to the other witnesses were sufficiently reliable. Therefore, no violation of the Child Hearsay Statute occurred here.

3. In his third and fourth enumerations of error, Howell challenges two of the trial court's evidentiary rulings made during the testimony of his oldest daughter. We find no error.

In his third enumerated error, Howell argues that the trial court erred when it admitted his oldest daughter's testimony about a conversation they had earlier that evening about her sexuality. Howell contends that the content of the conversation was irrelevant, and that his daughter's testimony about it impermissibly placed his character in issue. We disagree.

"Admissibility of evidence is a matter which rests largely within the discretion of the trial court. Any evidence is relevant which logically tends to prove or disprove any material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant."[14] Since "Georgia law favors the admission of any relevant evidence no matter

---

[12] Court of Appeals Rule 25 (c) (2).

[13] (Citation and punctuation omitted.) *Campos v. State*, 263 Ga. App. 119, 121 (587 SE2d 264) (2003).

[14] (Punctuation and footnotes omitted.) *Ward v. State*, 274 Ga. App. 511, 513 (3) (618 SE2d 154) (2005).

how slight its probative value, . . . even evidence of questionable or doubtful relevancy or competency should be admitted and its weight left to the jurors."[15]

Howell's oldest daughter testified that he came into her room, began asking her questions about boys and sex, and asked her what she would do if a man "messed" with her. She testified that she told him she would defend herself and tell her mother. Defense counsel objected before the evidence was introduced, and the state countered that the evidence was admissible as part of the res gestae. The trial judge overruled the objection. "The State is entitled to present evidence of the entire res gestae of a crime. This is so even if the defendant's character is incidentally placed in issue."[16] Accordingly, the trial court did not err.

Howell next argues that the trial court erred when it prevented him from cross-examining his oldest daughter about her sister's boyfriend. Defense counsel proffered that the boyfriend had been charged with child molestation and spent a significant amount of time with the witness. Therefore, he needed to pursue this line of questioning to explain the reason for Howell's conversation with the witness about sex. Before sustaining the state's objection, the trial court determined that the boyfriend was not present on the night that the molestation occurred. Consequently, the trial court apparently concluded that questions about the boyfriend were not relevant to the ultimate issue on trial, whether Howell molested J. E. Although "[e]ach party has a right to a thorough and sifting cross-examination of the other party's witnesses, . . . such right is not unfettered, and a trial court may restrict the scope of cross-examination to the issues, and its exercise of discretion will not be interfered with on appellate review unless manifestly abused."[17] As there was no manifest abuse of discretion in this instance, this error fails.

4. In his fifth enumeration of error, Howell maintains that the trial court erred by failing to instruct the jury on sexual battery. Howell submitted a written request to charge on sexual battery, but at the charge conference, the trial judge refused to give the charge, finding that sexual battery was not a lesser included offense in light of the evidence presented in the case. We agree.

A person commits the offense of child molestation, a felony, when he "does any immoral act or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or

---

[15] (Footnote omitted.) Id. at 513-514 (3).

[16] (Citation and punctuation omitted.) *Garibay v. State*, 275 Ga. App. 170, 172 (620 SE2d 424) (2005).

[17] (Citation and punctuation omitted.) *Mobley v. State*, 212 Ga. App. 293, 295 (1) (441 SE2d 780) (1994).

satisfy the sexual desires of either the child or the person."[18] "A person commits the offense of sexual battery when he intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person."[19]

> A crime is a lesser included offense of the crime charged as a matter of fact when "it is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged." OCGA § 16-1-6 (1). . . . Thus, whether a lesser offense is included in a greater offense as a matter of fact must be determined on a case-by-case basis, depending upon the facts alleged in the indictment and the evidence presented at trial.[20]

In *Strickland v. State*,[21] we held that "sexual battery can be a lesser included offense of child molestation in particular cases where the facts alleged in the indictment for child molestation also include all of the elements of sexual battery,"[22] and "[a] charge on sexual battery . . . is required when the indictment puts the defendant on notice that he could be convicted of the lesser included offense *and* the evidence presented at trial is sufficient to establish the lesser included offense consistent with these averments."[23] The indictment in this case read as follows: "Howell . . . did an immoral and indecent act, to wit: did touch the vaginal area of a female, to wit: [J. E.], a child under the age of 16, with his penis, with intent to arouse and satisfy the sexual desires of said accused." Even though the facts contained in the indictment sufficiently placed Howell on notice that he may be convicted for the lesser offense of sexual battery,[24] the charge was not warranted because the evidence presented at trial did not support it.

The state presented evidence of the completed offense of child molestation. Defense counsel elicited testimony from Little that Howell gave a statement in which he denied molesting J. E. and explained that he went into the room and picked up J. E. and that

---

[18] OCGA § 16-6-4 (a).

[19] OCGA § 16-6-22.1 (b). For purposes of this Code section, "intimate parts" includes the primary genital area. OCGA § 16-6-22.1 (a).

[20] (Citation and punctuation omitted.) *Strickland v. State*, 223 Ga. App. 772, 773-774 (1) (a) (479 SE2d 125) (1996). Accord *Damare v. State*, 257 Ga. App. 508, 510 (2) (571 SE2d 507) (2002).

[21] Supra.

[22] Id. at 774 (1) (a).

[23] (Emphasis in original.) Id. at 776 (1) (a). Accord *Jarvis v. State*, 253 Ga. App. 581, 583-584 (3) (a) (560 SE2d 29) (2002).

[24] See *Strickland*, supra at 776 (1) (b).

when he was putting her down, Ellerbee came into the room screaming at him. Ellerbee also testified at trial that Howell told her he went into the room to comfort the child and was attempting to lay her down when Ellerbee walked into the room. Therefore, the evidence presented to the jury offered the choice between the completed crime or no crime. Accordingly, the trial court was not required to charge on the lesser offense.[25]

5. Howell next argues that the trial court erred when it charged the entire child molestation statute without tailoring it to the specific allegations of the indictment. "It is a fundamental rule in Georgia that jury instructions must be read . . . as a whole in determining whether the charge contained error."[26] Reading the charge in the instant case as a whole, we find no error.

*Joiner v. State,*[27] which involved an aggravated child molestation conviction, is instructive. In that case, the trial court erroneously charged a portion of the aggravated child molestation statute that was inapplicable as beyond the indicted offense, but we found the error harmless because the trial court also

> instructed the jury to apply its instructions only as applicable to the offenses charged by the indictment; read the aggravated child molestation count of the indictment to the jury; instructed the jury that the State had the burden of proving "every material allegation of the indictment"; and instructed the jury that it could convict [the defendant] of aggravated child molestation only upon finding beyond a reasonable doubt that he committed such offense as alleged in the indictment.[28]

In the case sub judice, the indictment charged Howell with committing child molestation by touching J. E.'s vaginal area with his penis. The trial court charged that "[a] person commits the offense of child molestation when that person does any immoral or indecent act to or in the presence of or with a child less than 16 years of age with the intent to arouse or satisfy the sexual desires of either the child or the person." But the court also read the indictment to the jury and stated that "[n]o person shall be convicted of any crime unless and until each element of the crime is proven beyond a reasonable doubt.

---

[25] See *Quenga v. State,* 270 Ga. App. 141, 146-147 (3) (605 SE2d 860) (2004); *De'Mon v. State,* 262 Ga. App. 10, 16 (6) (584 SE2d 639) (2003).

[26] (Citation and punctuation omitted.) *Roker v. State,* 262 Ga. 220, 222 (4) (416 SE2d 281) (1992).

[27] 257 Ga. App. 375 (571 SE2d 430) (2002).

[28] Id. at 376 (2).

The burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the offense charged beyond a reasonable doubt." Although the trial court did not give the plethora of additional instructions given in *Joiner*, read as a whole, the charge as given here did not create the danger that the jury could convict Howell of child molestation based on facts not charged in the indictment. Accordingly, this enumerated error does not warrant reversal.

6. In his next error, Howell contends that the trial court erred when it admitted a portion of Ellerbee's written statement as a prior inconsistent statement because the state did not lay the proper foundation for its admission, and it was unreliable. The facts pertinent to this error follow.

In the written statement that Ellerbee gave to the police after the incident, she said that Howell was lying on top of J. E. and moving in a manner that was consistent with sexual intercourse. At trial, however, she testified that she remembered that Howell was lying on top of J. E., but she did not know what he was doing. The state then introduced the statement into evidence as a prior inconsistent statement.

Any party, including the party calling the witness, may attack that witness's credibility.[29]

In pertinent part, OCGA § 24-9-83 provides that

[a] witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case. Before contradictory statements may be proved against him, unless they are written statements made under oath in connection with some judicial proceedings, the time, place, person, and circumstances attending the former statements shall be called to his mind with as much certainty as possible. If the contradictory statements are in writing and in existence, they shall be shown to him or read in his hearing. To lay this foundation, the witness may be recalled at any time.

The state asked Ellerbee several questions to elicit information about the time, place, person, and circumstances attending her written statement. Additionally, the portion of the statement at issue was read into evidence. In an attempt to explain the inconsistency on cross-examination, defense counsel elicited testimony from Ellerbee that she thought she overreacted when the incident occurred and that

---

[29] OCGA § 24-9-81.

she had since reflected on what she saw since that night. Since the state laid the appropriate foundation for the admission of the statement and Ellerbee attempted to explain the inconsistency, we find no error in its admission. Finally, as Howell sets forth no argument in support of his claim that the statement was unreliable, this argument is deemed abandoned.[30]

7. Howell contends that the trial court should not have allowed Little to testify as to the contents of Ellerbee's written statement "for the same reasons outlined in his preceding enumeration of error" and because it was cumulative. As we concluded above, the statement was properly admitted. The fact that Little's testimony as to the statement was cumulative of that already presented does not warrant the reversal of Howell's conviction. As stated earlier, the admission of evidence rests with the discretion of the trial judge. The testimony was relevant and thus was admissible even though it was cumulative.[31]

8. The expert witness testified that the victim's statement was consistent with other victims of molestation and that family members might recant their original statements. Howell argues that this testimony constituted impermissible commentary on the believability of a witness. We disagree.

The testimony at issue was given when Dr. Davis was asked if J. E.'s medical history and her testimony were consistent with other children who had been abused, and she answered, "yes." Dr. Davis was also asked if it were common for family members to recant their original statements, to which she replied, "In my experience it is very common." We have held that

> there is absolutely nothing wrong with expert opinion testimony that bolsters the credibility of the indicted allegations of sexual abuse, e.g., "the victim's physical examination showed injury consistent with sexual abuse," or "the victim's psychological evaluation was consistent with sexual abuse." Establishing the credibility of the indicted acts of sexual abuse is what the State's case is all about and is the purpose for such expert testimony in the first place; the fact that such testimony may also "indirectly, though necessarily, involve the child's credibility does not render it inadmissible." What is forbidden is expert opinion testimony that "directly addresses the credibility of the victim," i.e., "I believe the victim; I think the victim is telling the truth," or

---

[30] Court of Appeals Rule 25 (c) (2).
[31] See *Solomon v. State*, 247 Ga. 27, 31 (5) (277 SE2d 1) (1980).

expert opinion testimony that implicitly goes to the ultimate issue to be decided by the jury, when such issue is not beyond the "ken" of the average juror, i.e., "In my opinion, the victim was sexually abused."[32]

We find that in neither case did Dr. Davis comment upon the ultimate issue for the jury to decide or the witnesses' credibility. Thus, this enumerated error fails.

9. In his final enumeration of error, Howell argues that the trial court erred when it rehabilitated one of the jurors and failed to strike that juror for cause.

Voir dire was not transcribed in its entirety. Nonetheless, the record contains a portion of the colloquy at issue.

> The Court: [A]s I told the other jurors, there are no right and wrong answers. And the question that I need to ask you is could you listen to the testimony in this case and the law that I give you in charge and then base a decision totally on that evidence, whatever that evidence was, regardless of your personal opinions. Could you put that aside and base your opinion only on what you hear here in this case in this courtroom?
> [A]: I would base it on evidence but I would have trouble with a four-year-old child telling me they had been abused and not —
> . . .
> The Court: But if there were evidence to the contrary would you be able to set that aside and base your decision only on the evidence?
> [A]: Yes.

On the issue of the court's alleged rehabilitation of a juror, we have held that "when some hint of juror bias or partiality appears, it is an abuse of discretion to cut off inquiry and rely on an affirmative answer to a rehabilitative question from the bench as a talisman to show that the juror has magically, suddenly become unbiased and impartial."[33] But when the court asks questions after the prosecutor and defense counsel have concluded their questioning and does not curtail their inquiry, there is no abuse of discretion.[34] Here, the

---

[32] (Citations, punctuation and footnotes omitted.) *Odom v. State*, 243 Ga. App. 227-228 (1) (531 SE2d 207) (2000).

[33] (Punctuation and footnote omitted.) *Hollis v. State*, 269 Ga. App. 159, 160 (1) (603 SE2d 516) (2004).

[34] Id.

portion of the voir dire that preceded the court's questioning is not transcribed; therefore "we must presume that this portion of the trial was conducted in a regular and proper manner."[35] Moreover, "[t]he burden is on [Howell] to show error affirmatively from the record, and we will not presume error where the record is silent."[36]

As to the question of whether the trial court should have disqualified the juror for cause, the transcript does not show that the juror's opinion "was so fixed and definite that it would not be changed by the evidence or the charge of the court upon the evidence. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court."[37] Therefore, this error also fails.

*Judgment affirmed. Andrews, P. J., concurs. Phipps, J., concurs in judgment only.*

DECIDED FEBRUARY 8, 2006 —
RECONSIDERATION DENIED MARCH 31, 2006 — 

*William A. Adams, Jr.*, for appellant.
*Scott L. Ballard, District Attorney, Cindy L. Spindler, Assistant District Attorney*, for appellee.

---

[35] (Footnote omitted.) *Hancock v. State*, 265 Ga. App. 259, 261 (3) (593 SE2d 713) (2004).
[36] (Citation and punctuation omitted.) *Jowers v. State*, 272 Ga. App. 614, 619 (3) (c) (613 SE2d 14) (2005).
[37] (Punctuation and footnote omitted.) *Brown v. State*, 268 Ga. App. 629, 634 (4) (602 SE2d 158) (2004).