A09A1176. CONN v. THE STATE.
(685 SE2d 745)

PHIPPS, Judge.

Following a jury trial, William Conn was convicted of sexually molesting his daughter. At trial, the state introduced a video recording of the girl's pretrial statement describing the molestation and evidence that Conn had several prior criminal convictions. Conn also testified, and his counsel called two character witnesses. On appeal,

194

Conn contends that the trial court erred by: (1) admitting the video recording of his daughter's statement into evidence; (2) admitting similar transaction evidence concerning one of his convictions; (3) giving a jury charge that his testimony could be impeached by evidence of a prior conviction involving moral turpitude; and (4) denying his motion for new trial, in which he alleged that his counsel provided ineffective assistance in opening the door to evidence of his prior convictions. Finding no merit in any of these contentions, we affirm.

1. Conn contends that the court erred in admitting into evidence the video recording of his daughter's pretrial statement to an investigator. In the recording, Conn's eight-year-old daughter described a series of incidents that occurred in 2001, when she was four years old. On several occasions when Conn's daughter was spending the night at his residence, Conn approached her while she was either changing clothes or wearing her nightgown, and he kissed and licked her nipples, genitals, and buttocks.

The investigator testified about obtaining this statement, and the court admitted the statement into evidence pursuant to OCGA § 24-3-16, which provides in pertinent part:

> A statement made by a child under the age of 14 years describing any act of sexual contact . . . performed with or on the child by another . . . is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

"The trial court has broad discretion in determining the admissibility of child hearsay evidence, and we will reverse a trial court's ruling on the admissibility of statements under OCGA § 24-3-16 only if the trial court abused its discretion."[1]

Conn asserts that the admission of his daughter's statement violated the Confrontation Clause, which "precludes the admission of testimonial hearsay in a criminal prosecution where the declarant is unavailable to testify and the defendant has not had a prior opportunity for cross-examination."[2] The state does not dispute that the statement was testimonial. The state contends, however, that the Confrontation Clause did not bar the statement's admission because

---

[1] *Fiek v. State,* 266 Ga. App. 523, 524 (1) (597 SE2d 585) (2004) (citation and punctuation omitted).

[2] *Gifford v. State,* 287 Ga. App. 725, 726 (1) (652 SE2d 610) (2007) (footnote omitted), citing *Crawford v. Washington,* 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004).

Conn's daughter was available at trial for cross-examination.[3]

On direct examination, Conn's daughter answered general background questions but gave primarily nonverbal responses — nodding her head "yes" or shaking her head "no" — to more specific questions concerning the molestation. The state tried various ways of eliciting verbal responses, including allowing the girl to take a short break, but with limited success. Then the following exchange occurred:

> State: Well, I don't have any more questions, but [defense counsel] may have a couple of questions, okay?
> Witness: (Whereupon, witness nods head affirmatively.)
> Defense: No questions, your Honor.

Conn contends that his daughter's limited ability to respond to questions about the molestation on direct examination rendered her "unavailable" to testify at trial. He further asserts that his counsel was placed in the position of appearing unsympathetic to the jury if he cross-examined the girl. We addressed similar facts in *Brock v. State.*[4] There, after a ten-year-old molestation victim became emotional on the witness stand, the court determined that she was unable to testify and told counsel that they could question her the following morning. The defendant's counsel then indicated that he would not ask the girl any questions. We held that, under those circumstances, it was not error to admit an earlier statement made by the girl because, despite her emotional reaction on the stand, the girl nevertheless was available to testify and be cross-examined.[5] As in *Brock*, Conn's daughter was made available for cross-examination at trial, but counsel chose not to question her.[6] Under these circumstances, the court did not abuse its discretion when it admitted the video recording of the girl's statement into evidence.

2. Conn contends that the court erred in allowing the state to introduce similar transaction evidence.

A similar transaction witness testified that in July 1997, when she was 12 years old, she spent the night with Conn's stepdaughter

---

[3] See *Williams v. State*, 290 Ga. App. 841, 842-843 (1) (660 SE2d 740) (2008); *Starr v. State*, 269 Ga. App. 466, 468-469 (2) (a) (604 SE2d 297) (2004). The parties also dispute the applicability to this issue of *Howell v. State*, 278 Ga. App. 634 (629 SE2d 398) (2006) (physical precedent only). As physical precedent, *Howell* is not binding authority. See Court of Appeals Rule 33 (a).

[4] 270 Ga. App. 250 (605 SE2d 907) (2004).

[5] Id. at 252-253 (4).

[6] Cf. *Kilgore v. State*, 291 Ga. App. 892, 895-897 (1) (663 SE2d 302) (2008) (witness was deemed unavailable when she refused to answer counsel's questions on cross-examination); *Hardeman v. State*, 277 Ga. App. 180, 183-184 (2) (a) (626 SE2d 138) (2006) (witness was deemed unavailable when he pled the Fifth Amendment at trial).

at his house. The following morning, the witness noticed Conn standing naked in a bathroom as she and an unrelated three-year-old girl in the Conns' care walked down the hall. The witness took the younger girl to another part of the house. Conn, still naked, left the bathroom, approached the two girls and stood facing them. He began to masturbate. After a few minutes, Conn returned to the bathroom. The 12-year-old girl's mother also testified as a similar transaction witness about the incident, for which Conn had pled guilty to misdemeanor public indecency.

> [F]or evidence of a similar transaction to be admissible, the [s]tate must demonstrate the following: (1) the evidence is admitted for a proper purpose; (2) sufficient evidence exists to establish the accused committed the independent act; and (3) a sufficient connection or similarity exists between the independent offense and the crime charged so that proof of the former tends to prove the latter.[7]

Conn asserts that the state failed to show either that the similar transaction evidence was admitted for a proper purpose or that the prior act was sufficiently similar to the crime charged. He also contends that the seven-year lapse in time between the prior act and the crime charged rendered the evidence inadmissible. We will uphold a trial court's decision to admit evidence of a similar transaction unless it was clearly erroneous.[8]

The court instructed the jury that the testimony of the similar transaction witnesses was to be considered for the limited purpose of showing Conn's bent of mind, which is a proper purpose for similar transaction evidence.[9] Citing *Wade v. State*,[10] Conn questions this use of similar transaction evidence. But, as we noted in *Wade*, the Supreme Court of Georgia has allowed the admission of similar transaction evidence to show bent of mind.[11]

Conn contends that differences between the prior act and the charged offense rendered the similar transaction evidence inadmissible, noting that the prior act involved two girls unrelated to him, one of whom was a teenager, and did not involve touching. But "[w]hen considering the admissibility of similar transaction evi-

---

[7] *Collins v. State*, 273 Ga. 93, 94 (2) (538 SE2d 47) (2000), citing *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

[8] *Payne v. State*, 285 Ga. 137 (674 SE2d 298) (2009).

[9] See id. at 138; see also *Engle v. State*, 290 Ga. App. 396, 401 (5) (659 SE2d 795) (2008) (in crime involving sexual offense, similar transaction evidence admissible to show defendant's lustful disposition).

[10] 295 Ga. App. 45 (670 SE2d 864) (2008).

[11] See *Farley v. State*, 265 Ga. 622, 626 (2) (458 SE2d 643) (1995).

dence, the proper focus is on the similarities, not the differences, between the separate crime and the crime in question."[12] "The incidents need not be carbon copies of one another to be admissible, and we have found sufficient similarity even when specific details of the transactions differed."[13] This rule is most liberally extended in cases involving sexual offenses,[14] particularly those against children.[15] Here, in both the instant case and the similar transaction Conn committed sexual acts against minor females in his home, authorizing the trial court to find sufficient similarity between the prior act and the crime charged.[16]

The seven-year gap in time between the prior act and the crime charged likewise does not render the similar transaction inadmissible. This passage of time goes to the weight of the similar transaction evidence, not its admissibility.[17]

3. Conn asserts that the court erred in charging the jury on the impeachment of a witness by a conviction of a crime of moral turpitude. The contested instruction stated:

> A witness may be impeached by proof that the witness has been convicted of a crime of moral turpitude. A crime of moral turpitude is defined as an offense that is wrong in and of itself. . . . It is for you to determine whether or not a witness has been impeached and to determine the credibility of such witness and the weight of the witness testimony — and the weight the witness testimony shall receive in the consideration of the case.

On review, we consider the charge as a whole to determine if it clearly and correctly instructed the jury.[18]

When this case was tried in 2004, a witness could be impeached

---

[12] *Payne*, supra at 138 (citation omitted).

[13] *Breland v. State*, 287 Ga. App. 83, 85 (1) (b) (651 SE2d 439) (2007) (punctuation and footnote omitted).

[14] See *Payne*, supra.

[15] See *Sands v. State*, 291 Ga. App. 639, 641-642 (662 SE2d 374) (2008); *Boynton v. State*, 287 Ga. App. 778, 780-781 (3) (653 SE2d 110) (2007).

[16] See *Williams v. State*, 263 Ga. App. 22, 24 (2) (587 SE2d 187) (2003) (court properly admitted similar transaction evidence; defendant's prior act of rubbing his 11-year-old daughter's bottom over clothing was sufficiently similar to his alleged acts of touching and masturbating before his 13-year-old stepdaughter and of touching and having sexual intercourse with her 14-year-old female friend); *Hostetler v. State*, 261 Ga. App. 237, 239 (1) (582 SE2d 197) (2003) (court properly admitted similar transaction evidence; defendant's prior acts of exposing himself and masturbating in places frequented by children were sufficiently similar to his alleged acts of exposing himself to and touching the breasts and genitals of a nine-year-old girl in a park).

[17] *Boynton*, supra at 781; *Williams*, supra, 263 Ga. App. at 24.

[18] See *Jackson v. State*, 284 Ga. 826, 830 (7) (672 SE2d 640) (2009).

by proof that the witness had been convicted of a crime involving moral turpitude,[19] which the Supreme Court of Georgia defined to include a crime "that [was] malum in se and disclose[d] a depraved mind."[20] A testifying defendant who placed his character into issue likewise could be impeached through his conviction of a crime involving moral turpitude.[21] Conn testified and, through character witnesses, placed his character into issue. He contends, however, that the facts of the case did not authorize the impeachment charge because his public indecency conviction was not a conviction of a crime involving moral turpitude. The parties cite to no Georgia authority addressing whether a public indecency conviction involves moral turpitude for the purpose of witness impeachment, and we have found none. But the Supreme Court of Georgia has treated misdemeanor public indecency as a crime involving moral turpitude in the context of attorney discipline.[22] We find that the trial court did not err in giving the impeachment charge.

4. Conn contends that his trial counsel rendered ineffective assistance by opening the door to evidence of his prior convictions. His counsel called two character witnesses at trial, Conn's sister and a longtime friend, who both testified to Conn's good reputation in the community. On cross-examination, the state asked Conn's sister about his prior convictions for public indecency, DUI, simple battery, and marijuana possession.

> [T]o prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. . . . We accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.[23]

At the hearing on Conn's motion for new trial, trial counsel

---

[19] *Sapp v. State*, 271 Ga. 446, 448 (2) (520 SE2d 462) (1999). See generally *Lewis v. State*, 243 Ga. 443, 445-446 (254 SE2d 830) (1979) (discussing general rule allowing impeachment of witness with evidence of prior conviction of felony or of misdemeanor involving moral turpitude). OCGA § 24-9-84.1 superceded this impeachment rule in trials commencing on or after July 1, 2005. See *Riggins v. State*, 279 Ga. 407, 409 (2), n. 2 (614 SE2d 70) (2005).

[20] *Hawes v. State*, 266 Ga. 731, 733-734 (3) (470 SE2d 664) (1996) (punctuation and footnote omitted).

[21] See *Francis v. State*, 266 Ga. 69, 72 (3) (463 SE2d 859) (1995).

[22] See *In the Matter of Threlkeld*, 273 Ga. 331 (539 SE2d 823) (2001).

[23] *Robinson v. State*, 278 Ga. 31, 34 (3) (597 SE2d 386) (2004) (citations and punctuation omitted).

testified that he did not have a distinct memory of his reasons for presenting the character evidence, but he believed he had done so because, after consulting with Conn, he thought the character evidence could outweigh the prior convictions. The record shows that, before the character witnesses were called, Conn already had testified about the public indecency and simple battery convictions, and the state had presented evidence of the former as a similar transaction. Under these circumstances, and in light of the "strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct,"[24] the court did not err in concluding that Conn had not met his burden of showing ineffective assistance of counsel.

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 23, 2009 

*James W. Gibert*, for appellant.

*Patrick H. Head, District Attorney, Amelia G. Pray, Eleanor A. Dixon, Assistant District Attorneys*, for appellee.