## S04A1360. PORTER v. THE STATE.
(606 SE2d 240)

BENHAM, Justice.

This appeal is from Corey Porter's convictions for felony murder, possession of a firearm during commission of a felony, and possession of a firearm by a convicted felon.[1] An eyewitness testified she saw

[1] The crimes were committed on June 27, 2002, and Porter was arrested on July 12, 2002. He was indicted on November 26, 2002, for malice murder, felony murder (aggravated assault), aggravated assault, possession of a firearm during commission of a felony, and possession of a firearm by a convicted felon. At a trial conducted April 21-25, 2003, a jury acquitted Porter of malice murder but found him guilty of the remaining charges. The trial court sentenced Porter to life imprisonment for felony murder, merging the aggravated assault charge into the felony murder conviction; to a consecutive term of five years for possession of a firearm during

Porter shoot the victim, Romano A. Rodriquez, after Rodriquez refused Porter entry to a store that did business only through a walk-up window at the time Porter attempted to gain entry. A police detective testified Porter admitted shooting Rodriquez, and another police detective testified Rodriquez, though paralyzed by the wound during the days between the shooting and his death, communicated by blinking his eyes and identified Porter in a photo lineup as the person who shot him. A pathologist testified Rodriquez died of a gunshot wound to the neck. After the jury returned verdicts on the other charges, certified copies of Porter's previous felony convictions were admitted to support the charge of possession of a firearm by a convicted felon.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find Porter guilty beyond a reasonable doubt of the offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. After twelve hours of deliberation, the jury's foreperson informed the trial court at approximately 5:00 p.m. on Friday that the jury could not reach a verdict and that the jurors could not return on Monday. The trial court engaged in a colloquy with the jury and offered it the opportunity to continue deliberation for another hour. When the foreperson declined the offer, the trial court expressed an intention to declare a mistrial. The foreperson then suggested the possibility of resolving the deadlock if given more time, and the trial court excused the jurors to discuss the feasibility of coming back on Monday. After a discussion among the jurors, the foreperson reported the jury wanted to deliberate for another hour, which the trial court permitted. Within an hour of further deliberation, the jury returned its verdicts. Porter contends on appeal undue coercion by the trial court tainted his conviction because it erroneously gave the jurors the impression they had to reach a verdict within an hour in order to avoid a mistrial. Porter's contention that the trial court imposed a one-hour constraint on deliberations and informed the jury it could not return on Monday to deliberate is refuted by the record which shows the foreperson was the one who indicated the jury did not want to return on Monday and that the trial court encouraged the jury to discuss coming back Monday to deliberate and expressed flexibility in

commission of a felony; and to a five-year term for possession of a firearm by a convicted felon, to be served concurrently with the other possession sentence. The sentences were announced on April 28, 2003, and filed on June 12, nunc pro tunc to April 28. Porter's motion for a new trial, filed on May 23, 2003, and amended on December 16 of that year, was denied on February 26, 2004. Porter filed a notice of appeal on March 15, 2004, and the appeal was docketed in this court on April 20, 2004, and submitted for decision on the briefs.

that day's schedule. After discussion, the jurors themselves elected to try to resolve their disagreement in an hour's time.

The question to be considered on appeal in cases such as this is whether the trial court's remarks or instructions were "coercive so as to cause a juror to abandon an honest conviction for reasons other than those based upon the trial or the arguments of other jurors." *McMillan v. State*, 253 Ga. 520, 523 (4) (322 SE2d 278) (1984). The trial court's mention of the likelihood of a mistrial if the jury could not agree on a verdict was not coercive. *Hardy v. State*, 242 Ga. 702 (4) (f) (251 SE2d 289) (1978). The record here is devoid of coercive statements or suggestions that jurors should abandon their honest convictions. Porter's complaint in that regard is without merit.

3. Relying on the necessity exception to the hearsay rule, the trial court admitted testimony concerning a statement made in the course of police questioning of a witness who refused at trial to take the oath and testify. Porter contends the admission of the uncooperative witness's hearsay statement was reversible error.

> In *Crawford* [*v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004)], the Supreme Court held that the right of confrontation found in the Sixth Amendment to the United States Constitution requires that "testimonial" hearsay in a criminal prosecution is admissible when the declarant is unavailable only if the defendant had a prior opportunity to cross-examine the declarant about the hearsay statement.

*Moody v. State*, 277 Ga. 676, 679-680 (4) (594 SE2d 350) (2004). In *Brawner v. State*, 278 Ga. 316, 318 (2) (602 SE2d 612) (2004), this Court held the term "testimonial" as used in *Crawford* applies to statements, such as the one in issue here, that are the result of police questioning. Thus, the statement of the witness who refused to take the oath and testify was testimonial hearsay under *Crawford*, supra, and since Porter had no opportunity to cross-examine, the trial court erred in allowing the police detective to read the witness' statement to the jury under the necessity exception to the hearsay rule. *Brawner*, supra.

However, the admission of testimonial hearsay in *Moody*, supra, also violated the *Crawford* standard, but the error was held to be harmless because there was "no reasonable possibility that it contributed to the conviction." *Moody*, supra. Given the overwhelming evidence against Porter in the present case, we conclude there was no reasonable possibility the error contributed to the verdict, and the error was, therefore, harmless. Id.

4. Asserting his character was impermissibly placed in issue, Porter enumerates as error the trial court's denial of a motion for

mistrial Porter made when a police detective testified that after getting Porter's name as a suspect, "I went to a computerized format to see if we had a photograph of that, of a person matching that name." Since testimony that a photograph of a defendant was in police records prior to the defendant's arrest for the crime for which he is being tried does not place the defendant's character in issue (*Fulton v. State*, 278 Ga. 58 (5) (597 SE2d 396) (2004)), the vague testimony here, which did not specify that the detective searched police files or assert that Porter's photo was found in the search, does not do so. The trial court did not err in denying Porter's motion for mistrial. Id.

5. Porter contends the trial court erred in disqualifying for cause a prospective juror who expressed a negative opinion of police officers, arguing the juror was rehabilitated by his statement that he would listen and determine whether to believe their testimony. "[W]hether to strike a potential juror for cause is a matter for the trial court's sound discretion. [Cit.] As the trial court's conclusion regarding bias is based in part on demeanor and credibility, which are peculiarly within the trial court's province, those findings are to be given deference. [Cit.]" *Robles v. State*, 277 Ga. 415, 419 (4) (589 SE2d 566) (2003).

During voir dire, the juror in question said he looked upon law enforcement officers as a "necessary evil" and he believed "about half of them would be criminals if they weren't police officers." When asked about his ability to listen to a police officer's testimony without bias, he replied that "until they convinced me they were telling the truth, they would be guilty." Although Porter attempted to rehabilitate the juror, eliciting a statement that the juror would listen to and weigh the testimony of police officer witnesses, the trial court is in the best position to evaluate whether such rehabilitation is successful after a juror expresses such bias. We cannot say, therefore, the trial court abused its discretion in striking the juror.

6. In his final enumeration of error, Porter contends the trial court erred in denying defense counsel's motion to withdraw. Counsel based the motion on a conflict of interest alleged to arise because another attorney in the same Public Defender's office as Porter's counsel provided representation to the State's uncooperative witness approximately one month before trial.

In *Turner v. State*, 273 Ga. 340, 342 (2) (a) (541 SE2d 641) (2001), we noted that "[i]ncluded within the constitutional right to counsel is the right to representation that is free from conflicts of interest. [Cits.]" To be successful in his appeal based on ineffective counsel due to a conflict of interest, Porter would have to show an actual conflict of interest that adversely affected his attorney's representation of him. Id. Our review of the record persuades us Porter cannot establish either an actual conflict or an adverse impact on his attorney's

performance. The reason given at trial for counsel seeking to withdraw was that the witness might feel confidences were being violated by a thorough cross-examination. However, trial counsel did not represent the witness and nothing on the record suggests trial counsel was in possession of any information about the witness or the witness's previous prosecution. In addition, since the witness did not testify, no confidences could have been violated. Thus, no actual conflict of interest impacting trial counsel's representation of Porter having been shown (id.), the trial court did not err in denying trial counsel's motion to withdraw.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 22, 2004.
Murder. Fulton Superior Court. Before Judge Long.
*Amy H. Bogartz*, for appellant.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney, Thurbert E. Baker, Attorney General, Frank M. Gaither, Jr., Assistant Attorney General*, for appellee.