## A05A0162. SENIOR v. THE STATE.
### (615 SE2d 220)

PHIPPS, Judge.

Oscar Senior was tried by a jury and convicted of second degree arson. On appeal, he claims that the trial court erred by admitting hearsay evidence and that the evidence properly admitted at trial was insufficient to support his conviction. We agree that the hearsay evidence was erroneously admitted, and find that the error was not harmless. Therefore, we reverse Senior's conviction. We find that the remaining evidence, although circumstantial, was sufficient to support the verdict. As a result, the case can be retried.[1]

Monica Miles, Senior's girlfriend, testified that on the afternoon of April 22, 2003, she, Senior and her young children were riding in her car. Senior and Miles began arguing, and Miles and her children got out of the car because she did not want to argue in front of them. According to Miles, after they got out, Senior drove away very quickly because he was angry that she had gotten out of the car. Miles began walking with her children toward her mother's house. Approximately five minutes after she saw Senior drive away in her car, she heard sirens. She then saw firefighters spraying water on the gas tank of her car. Miles testified that there was no damage to the gas tank area of the car when she got out of it. She also testified that she had not authorized anyone to burn her car.

Columbus fire investigator Lynn Martin, a certified arson investigator for the state, responded to a call regarding the car fire. When she arrived at the scene, she found fire damage on the outside of the car and on the gas tank tubing. She also found a wet rag on the ground next to the car. The rag had recently been burned. She testified that the "rag was indicative of a rag that would have fit into the gas tank to the fill tube where it was burned."

Over Senior's objection, Martin was allowed to read a statement she had taken from Eva Cardwell, a witness at the scene who did not testify at trial.[2] Cardwell's statement was read verbatim:

> I was walking down Ada Street towards Gould Street when maroon car was going down Gould Street towards Ada.

---

[1] See *Lively v. State*, 262 Ga. 510, 512 (3) (421 SE2d 528) (1992).

[2] It appears from the record that neither party was able to locate Cardwell.

Maroon car turned around and went the other way on Gould, just past my house. The children, my children, and I went in the house. The maroon car pulled over to the side of Gould and driver got out. Driver was a man and he was acting very weird. I kept watching, thinking he was going to break into someone's house or something. Then I noticed the fire flames coming from gas tank of maroon car. I do not have a phone, so my children and I went next door to call 911. As I was leaving my porch, driver of maroon car told me to get the hell out of the way, the car was going to blow up. I did not see the actual stuffing of cloth into gas tank, but I noticed the driver of maroon car had white T-shirt over his shoulder. When he told me to get out of the way, the white T-shirt was not on his shoulder.

The court allowed the statement in evidence under the res gestae exception to the hearsay rule.

1. Senior claims that the admission of Cardwell's statement violated his right to confrontation as provided in the United States Constitution. We agree.

In *Crawford v. Washington*,[3] the United States Supreme Court held that the Sixth Amendment's Confrontation Clause precludes the introduction of hearsay evidence that is testimonial in nature where the witness is unavailable to testify and the defendant has not had a prior opportunity for cross-examination. Although the Court declined to provide a comprehensive definition of "testimonial," it did hold that interrogations by law enforcement officers fell squarely within the definition.[4] The Court stated that it was using the term "interrogation" in its colloquial sense, not in any technical legal sense.[5]

Following *Crawford*, the Supreme Court of Georgia has held that statements made to police officers during the course of an investigation are considered to be "testimonial" hearsay.[6] Both *Porter* and *Brawner* involved statements made by witnesses during the course of a police investigation where the witnesses were not available for trial and had not previously been cross-examined about the contents of their statements.[7] In both cases, the court held that admission of the statements infringed upon the defendant's constitutional right to

---

[3] 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004).

[4] Id. at 52-53, 68.

[5] Id. at 53.

[6] See *Porter v. State*, 278 Ga. 694, 696 (3) (606 SE2d 240) (2004); *Brawner v. State*, 278 Ga. 316, 318 (2) (602 SE2d 612) (2004); *Bell v. State*, 278 Ga. 69, 72 (3) (597 SE2d 350) (2004).

[7] See *Porter*, supra; *Brawner*, supra.

confront the witnesses against him.[8]

Here, Cardwell's statement is "testimonial" hearsay because it was made to Martin while she was investigating a possible arson.[9] Its admission violated Senior's constitutional right to confront the witnesses against him because Cardwell was not available for trial and Senior had no prior opportunity to cross-examine Cardwell about her statement.[10]

"Whether a constitutional violation constitutes harmless error depends on whether the State can prove beyond a reasonable doubt that the error did not contribute to the verdict."[11] The state did not meet its burden in this case. Cardwell's testimony went to the core of the state's case and was not entirely cumulative of other testimony.[12] As a result, we conclude that the state has not proved beyond a reasonable doubt that the admission of the hearsay in violation of Senior's constitutional rights did not contribute to the jury's verdict.[13]

2. Senior claims that the evidence was not sufficient to support his conviction for second degree arson because no one saw him commit any criminal act.

A person commits second degree arson of a vehicle when, by means of a fire or explosive, he or she knowingly damages any vehicle of another without his or her consent.[14] Senior was charged with willingly, knowingly and unlawfully setting fire to an automobile belonging to another without her consent.

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."[15] The circumstantial evidence must exclude only all *reasonable* hypotheses save defendant's guilt, not every inference or hypothesis.[16] "When the jury is authorized to find the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis except the defendant's guilt, the verdict will not be disturbed unless the verdict is insupportable as a matter of law."[17]

---

[8] Id.

[9] See id.

[10] See id.

[11] *Brawner*, supra at 319 (citation and punctuation omitted).

[12] Compare *Moody v. State*, 277 Ga. 676, 679 (4) (594 SE2d 350) (2004).

[13] See *Brawner*, supra at 320.

[14] OCGA § 16-7-61.

[15] OCGA § 24-4-6.

[16] See *Harris v. State*, 223 Ga. App. 661, 663 (478 SE2d 458) (1996).

[17] Id. at 662 (citation and punctuation omitted).

Here, the evidence (without Cardwell's statement) was sufficient to exclude every reasonable hypothesis except Senior's guilt. Miles testified that he drove off in her car very quickly because he was angry at her, and that five minutes later she heard sirens and saw firefighters spraying water on the gas tank of her car. Martin testified that the car's gas tank had been burned, and that she had found a recently burned rag on the ground next to the car. She determined that the circumstances were consistent with someone putting a rag in the gas tank and setting it on fire. We conclude that there was sufficient evidence from which any rational trier of fact could have found beyond a reasonable doubt that Senior committed second degree arson.[18]

*Judgment reversed. Andrews, P. J., and Mikell, J., concur.*

DECIDED MAY 23, 2005.

*James D. Lamb*, for appellant.
*J. Gray Conger, District Attorney, Ragen D. Marsh, Assistant District Attorney*, for appellee.

