S05A1036. WILLINGHAM v. THE STATE.
(622 SE2d 343)

BENHAM, Justice.

This appeal is from Derek Willingham's convictions for malice murder, felony murder, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon.[1] The offenses all stem from the shooting death of Ritchard Lewis. Evidence adduced at trial included the testimony of a witness who saw Willingham and Johnson, the latter carrying a handgun, leave a drug house together shortly before he heard shots fired outside. Because the chief witness at Johnson's earlier trial, James O'Bryant, had since died, the trial court permitted a police officer to read to the jury a statement O'Bryant made during the investigation and to read to the jury O'Bryant's earlier testimony at Johnson's trial. In the statement and testimony, O'Bryant said that while Lewis was trying to arrange a drug purchase for a person who subsequently fled the scene and remained unidentified, Johnson robbed the buyer; when Lewis argued with Johnson about the robbery, Johnson shot Lewis to death; and Johnson was accompanied by Willingham who fired shots either into the ground or at the truck of the fleeing robbery victim. The same police officer testified that Willingham gave a statement in which he admitted he had accompanied Johnson knowing he intended to rob the drug buyer, had fired a .380 caliber pistol at the fleeing robbery victim's truck, and had received $20 of the robbery proceeds. Other testimony established Johnson had been arrested in possession of the murder weapon and a .380 caliber pistol. Johnson

---

[1] The crimes were committed March 4, 2000, and Willingham was indicted along with Haskell Johnson and Eugene Frails and was charged with malice murder, felony murder (aggravated assault), possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon on May 16, 2000. Johnson was tried separately and Frails was tried with Willingham on December 4-6, 2000, resulting in a verdict of guilty on all counts. Willingham was sentenced on January 31, 2001, to life imprisonment for each murder count and to consecutive five-year terms for each firearm possession count. A motion for new trial filed February 5, 2001, and amended August 6 and 12, 2004, was heard on August 12, 2004, and denied by an order filed January 28, 2005. Pursuant to a timely notice of appeal filed February 11, 2005, the appeal was docketed in this Court on March 14, 2005, and was submitted for decision following oral argument on June 20, 2005.

was called as a witness, but refused to testify on Fifth Amendment grounds. Willingham testified and denied being present at the shooting or complicit in the robbery.

1. In two enumerations of error, Willingham complains of the admission over a right-of-confrontation objection of O'Bryant's testimony at Johnson's trial and of O'Bryant's statement to a police officer. O'Bryant's testimony at Johnson's trial was admitted pursuant to OCGA § 24-3-10 and testimony regarding a statement he gave to police during the investigation of the murder was admitted under the necessity exception to the rule against using hearsay.

OCGA § 24-3-10 permits the testimony of "a witness since deceased . . . which was given under oath on a former trial upon substantially the same issue and between substantially the same parties. . . ." The requirement that the former trial be "between substantially the same parties" exists to ensure the party against whom the testimony is being offered had an adequate opportunity to cross-examine the witness at the former trial. *Farmer v. State*, 266 Ga. 869 (1) (472 SE2d 70) (1996); *Cates v. State*, 245 Ga. 30 (2) (262 SE2d 796) (1980). Since Willingham did not have an opportunity to cross-examine O'Bryant at Johnson's trial, O'Bryant's testimony there was not admissible under OCGA § 24-3-10 and the trial court's contrary ruling was error. *Cates v. State*, supra.

In addition to a misapplication of OCGA § 24-3-10, it appears the admission of O'Bryant's former testimony was an error of constitutional proportion because it was testimonial hearsay prohibited by *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004). The U. S. Supreme Court declined to "spell out a comprehensive definition of 'testimonial,'" but held it would apply "at a minimum to prior testimony at a . . . former trial. . . ." Id. at 68. The statement O'Bryant made to a police officer during the investigation of Lewis's murder was also a testimonial statement (*Jenkins v. State*, 278 Ga. 598 (2) (604 SE2d 789) (2004)) as to which Willingham had no opportunity for cross-examination. Because such statements are inadmissible under *Crawford v. Washington*, supra, the trial court erred in permitting the statement to be read to the jury. *Copprue v. State*, 279 Ga. 771 (4) (621 SE2d 457) (2005); *Porter v. State*, 278 Ga. 694 (3) (606 SE2d 240) (2004); *Brawner v. State*, 278 Ga. 316 (2) (602 SE2d 612) (2004).

The inquiry does not, of course, end with the conclusion that permitting the hearsay testimony was error because even error of constitutional magnitude such as these violations of the right of confrontation can be held harmless. " 'Whether a constitutional violation constitutes harmless error depends on whether the State can prove beyond a reasonable doubt that the error did not contribute to the verdict.' [Cit.]" *Brawner v. State*, supra, 278 Ga. at 319. This

Court has found violations of the standard stated in *Crawford* to be harmless because the evidence against the defendant was overwhelming (*Porter v. State,* supra) or because the hearsay was cumulative of other evidence. *Copprue v. State,* supra; *Moody v. State,* 277 Ga. 676, 680 (4) (594 SE2d 350) (2004). But in *Brawner v. State,* supra, where the hearsay, as here, was the account of a purported eyewitness which went to the core issue of the case, we held the State had not carried its burden of showing the evidence did not contribute to the verdict. The admissible evidence adduced by the State cannot be said to be overwhelming in that it consisted of the testimony of a witness who saw Willingham with Johnson, who was armed, and Willingham's statement to a police officer which was recanted by Willingham at trial. Since O'Bryant's earlier testimony at Johnson's trial was the only direct evidence at Willingham's trial, other than Willingham's own recanted statement, that put Willingham at the scene of the crime, the testimony cannot be considered merely cumulative of other sufficient evidence. Under those circumstances, we cannot hold, as we did in *Moody,* supra, "there is no reasonable possibility that it contributed to the conviction." Accordingly, the admission of O'Bryant's testimony at Johnson's trial and his statement to a police officer during the investigation of this matter were harmful error requiring reversal of Willingham's convictions.

2. Because "erroneously-admitted hearsay may not be considered in reviewing the sufficiency of the evidence [cits.]" (*Livingston v. State,* 268 Ga. 205, 209 (486 SE2d 845) (1997)),[2] our sufficiency of the evidence analysis is based only on the circumstantial evidence of Willingham accompanying an armed Johnson shortly before the crimes were committed and Willingham's statement to the police. Though not overwhelming, the evidence from those two sources that Willingham, armed with a pistol, accompanied Johnson as a participant in an armed robbery during which Johnson, who was angry at Lewis for protesting the robbery of the drug buyer, shot Lewis to death, was sufficient, when coupled with proof of Willingham's previous felony conviction, to authorize a rational trier of fact to find Willingham guilty beyond a reasonable doubt of malice murder, felony murder (aggravated assault), possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

[2] "[E]vidence found to be inadmissible hearsay on appeal but which could be made admissible at re-trial by laying the proper foundation may be considered when examining whether the evidence was sufficient to authorize the guilty verdict. The hearsay testimony in the case at bar does not fall into that category. . . ." *Livingston v. State,* supra, 268 Ga. at 209.

3. In light of our reversal of the judgment of conviction, the remaining enumerated errors need not be addressed since they are either moot (*Johnson v. State*, 246 Ga. App. 239 (7) (539 SE2d 914) (2000)) or not likely to recur in the event of a retrial. *Baugh v. State*, 276 Ga. 736 (585 SE2d 616) (2003). We note, however, that Willingham was improperly sentenced for felony murder because that offense was vacated by operation of law when he was sentenced for malice murder. *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993).

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 21, 2005.

*Randolph Frails*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Michael S. Carlson, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.