## A06A1425. REDD v. THE STATE.
### (635 SE2d 870)

RUFFIN, Chief Judge.

A jury found Terry Dale Redd guilty of shoplifting. As Redd had three prior shoplifting convictions, he was sentenced as a felon in accordance with OCGA § 16-8-14 (b) (1) (C).[1] In his sole enumeration of error on appeal, Redd argues that due process required the State to prove his three prior convictions beyond a reasonable doubt. As this allegation of error lacks merit, we affirm.

Viewed favorably to the verdict,[2] the record shows that on February 21, 2004, Redd was apprehended leaving a department store with several items of clothing for which he had not paid. The value of the clothing was initially listed as $319.50, and Redd was charged under OCGA § 16-8-14 (b) (2), which provides that

> [a] person convicted of the offense of theft by shoplifting . . . when the property which was the subject of the theft exceeds $300.00 in value commits a felony and shall be punished by imprisonment for not less than one nor more than ten years.

At trial, however, a store employee testified that one of the items was actually on sale, dropping the total value of goods taken to just under $300. Thus, the trial court instructed the jury that they could find Redd guilty only of shoplifting property with a value less than $300, and the jury convicted him of this offense.

Prior to trial, the State notified Redd that it intended to introduce evidence in aggravation of sentencing and, following the jury's verdict, the State tendered evidence of three prior shoplifting convictions. The trial court then sentenced Redd to ten years pursuant to OCGA § 16-8-14 (b) (1) (C). Under this Code section,

---

[1] Redd was also sentenced as a recidivist in accordance with OCGA § 17-10-7 (c).

[2] See *Wegman-Fakunle v. State*, 277 Ga. App. 198, 199 (626 SE2d 170) (2006).

[u]pon conviction of a fourth or subsequent offense for shoplifting, where the prior convictions are either felonies or misdemeanors, or any combination of felonies and misdemeanors, as defined by this Code section, the defendant commits a felony and shall be punished by imprisonment for not less than one nor more than ten years; and the first year of such sentence shall not be suspended, probated, deferred, or withheld.

On appeal, Redd contends that his "right to due process . . . was violated because the trial court sentenced [him] as for a felony based upon elements of his accused offense that were not proven beyond a reasonable doubt." According to Redd, under *Apprendi v. New Jersey*[3] and its progeny, the State must prove all elements of an offense beyond a reasonable doubt "when the effect of the existence of the element is to raise the maximum penalty that the court may impose on a defendant." Redd, however, misconstrues these cases. The holding in *Apprendi* — as reiterated in the subsequent cases cited by Redd — is: "*[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.*"[4] In other words, the United States Supreme Court has expressly carved out an exception for prior convictions. This is so because, generally, prior convictions have already been proven beyond a reasonable doubt.

Moreover, we fail to see how the use of prior convictions for sentencing purposes violates due process. Due process guarantees that a defendant will be afforded both notice and an opportunity to be heard.[5] Redd received both. Under the version of OCGA § 17-10-2 (a) then in effect, the State was required to provide pre-trial notice of any prior conviction or guilty plea it intended to use in aggravation of punishment.[6] This gives the "defendant a chance to examine his record to determine if the convictions are in fact his, if he was represented by counsel, and any other defect which would render such documents inadmissible during the pre-sentencing phase of the trial."[7] During the sentencing hearing, the defendant may then

---

[3] 530 U. S. 466 (120 SC 2348, 147 LE2d 435) (2000).

[4] (Emphasis supplied.) Id. at 490.

[5] See *Hughes v. State*, 269 Ga. 819, 821 (2) (504 SE2d 696) (1998); *Maples v. Seeliger*, 165 Ga. App. 201, 202 (1) (299 SE2d 906) (1983).

[6] We note that this statute has been amended to remove this provision with regard to all trials that commenced on or after July 1, 2005. See *Ivey v. State*, 278 Ga. App. 463, 465, n. 1 (629 SE2d 127) (2006).

[7] *Pearce v. State*, 256 Ga. App. 889, 890 (1) (570 SE2d 74) (2002).

challenge the use of any prior conviction or guilty plea in aggravation of sentencing. Here, Redd knew that the State was seeking aggravated sentencing based upon his prior convictions and chose not to challenge their use at trial.[8]

Finally, Redd seems to argue that the prior convictions should have been proven beyond a reasonable doubt because the State sought to convict him of a felony based on the prior convictions, making them part of the offense of shoplifting under OCGA § 16-8-14 (b) (1) (C). However, this Court has already rejected this argument.[9] Accordingly, this presents no basis for reversal.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 24, 2006.

*Wystan B. Getz*, for appellant.
*Daniel J. Porter, District Attorney, Niria D. Baggett, Assistant District Attorney*, for appellee.

---

[8] Redd suggests on appeal that one of the prior convictions, which was under the name "Steven Redd," should not have been used in aggravation of sentencing. However, in waiving arraignment, Redd signed the document "Terry Redd alias Steven Redd," and he acknowledged to his attorney that the conviction was his.

[9] See *White v. State*, 265 Ga. App. 302, 303-304 (1) (596 SE2d 9) (2004).