## A07A1492. GIFFORD v. THE STATE.
(652 SE2d 610)

RUFFIN, Judge.

A jury found Solomon Gifford guilty of two counts of armed robbery. On appeal, Gifford claims that the trial court erred by admitting hearsay evidence, alleges that he received ineffective assistance of counsel, and challenges the sufficiency of the evidence. Having reviewed the record, we conclude that the trial court erred in admitting hearsay evidence, and thus we must reverse Gifford's convictions.

Viewed favorably to the verdict,[1] the evidence shows that Tangilar McLowery was working as a cashier at a Holiday Market in Valdosta on December 15, 2001. A male customer approached the counter with a 12-pack of beer, and McLowery rang up the sale. The man, armed with a box cutter, leaned across the counter and demanded money from the cash drawer. After McLowery complied, the man retrieved the video surveillance tape from the security camera and fled with the cash, warning the cashier not to call the police.

On December 16, 2001, Officer Christopher Hasty responded to an armed robbery call at a Valdosta gas station. The store clerk, Prahladbhai Patel, told Hasty that a man entered the BP station, brought a bag of potato chips and a beverage to the cash register, and requested a pack of cigarettes. When Patel opened the register, the man reached across the counter, grabbed Patel by the shirt, produced a box cutter, and demanded the money from the register. Patel pulled away and called 911, and the man fled with the money, leaving the other items on the counter. As he left, the assailant stated, "no police, no police."

The police processed both scenes for fingerprint evidence. Although they did not get any identifiable prints from the Holiday Market robbery, the police obtained multiple fingerprints from the potato chip bag and beverage bottle from the BP station. The authorities were able to match the fingerprints from the BP robbery to Gifford. The police prepared a photographic lineup and showed it to the victims. McLowery identified Gifford as the person who robbed her at the Holiday Market. Although he "believed" that the photograph of Gifford depicted his assailant, Patel was unable to positively identify him from the lineup.

At trial, McLowery identified Gifford as the man who robbed her. Patel died of natural causes before the trial, and the trial court permitted Hasty to testify regarding Patel's statements to police following the robbery. At trial, Gifford denied robbing the victims and

---

[1] See *Redd v. State*, 281 Ga. App. 272 (635 SE2d 870) (2006).

stated that he had never been in the BP station; he did not offer an explanation regarding the presence of his fingerprints on the items from the BP. Gifford was nonetheless convicted of two counts of armed robbery and sentenced to life without parole.

1. On appeal, Gifford contends that the trial court erred in admitting Hasty's testimony regarding Patel's statement, arguing that its admission violated his right to confrontation as provided in the Sixth Amendment to the United States Constitution. We agree.

In *Crawford v. Washington*,[2] the United States Supreme Court held that the Confrontation Clause precludes the admission of testimonial hearsay in a criminal prosecution where the declarant is unavailable to testify and the defendant has not had a prior opportunity for cross-examination.[3] Testimonial hearsay includes those statements, such as the one at issue here, made to police officers during the course of an investigation.[4] Accordingly, because he had no opportunity to cross-examine Patel, who was unavailable for trial, Gifford's right to confrontation was violated by the admission of Patel's statements to the officer.[5]

"Whether a constitutional violation constitutes harmless error depends on whether the State can prove beyond a reasonable doubt that the error did not contribute to the verdict."[6] Our Supreme Court has found *Crawford* violations to be harmless where "the evidence against the defendant was overwhelming . . . or because the hearsay was cumulative of other evidence."[7] Here, Patel's statements went to the core issue of the crime alleged in Count 2, the armed robbery of the BP. Indeed, the testimonial hearsay is the only direct evidence that the BP station was robbed. And we cannot conclude that there was no reasonable probability that Patel's statement did not contribute to

---

[2] 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004).

[3] Contrary to the State's contention, although Gifford's trial predates *Crawford*, the decision applies to this case. See *Gay v. State*, 279 Ga. 180, 182, n. 2 (611 SE2d 31) (2005) (*Crawford* "applies retroactively to all cases pending on direct review or not yet final"); *Buttram v. State*, 280 Ga. 595, 597, n. 2 (631 SE2d 642) (2006); *Taylor v. State*, 285 Ga. App. 697, 703 (4) (647 SE2d 381) (2007).

[4] See *Davis v. Washington*, 547 U. S. 813 (II) (126 SC 2266, 2273-2274, 165 LE2d 224) (2006) (statements "are testimonial when the circumstances objectively indicate that there is no . . . ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution"); *Willingham v. State*, 279 Ga. 886, 887 (1) (622 SE2d 343) (2005); *Porter v. State*, 278 Ga. 694, 696 (3) (606 SE2d 240) (2004); *Brawner v. State*, 278 Ga. 316, 318 (2) (602 SE2d 612) (2004); *Bell v. State*, 278 Ga. 69, 72 (3) (597 SE2d 350) (2004).

[5] See *Willingham*, supra; *Porter*, supra; *Delgado v. State*, 287 Ga. App. 273 (1) (651 SE2d 201) (2007); *Senior v. State*, 273 Ga. App. 383, 385 (1) (615 SE2d 220) (2005).

[6] (Punctuation omitted.) *Brawner*, supra at 319.

[7] (Citation omitted.) *Willingham*, supra at 888.

the jury's guilty verdict as to Count 1, particularly given that evidence showed that the robberies occurred on consecutive days and had similar modus operandi, including that the assailant wielded a box cutter in both cases and warned the victims not to call police. Thus, the State has not carried its burden of showing that the inadmissible hearsay evidence did not contribute to the verdict and we must reverse Gifford's convictions.[8]

2. We next consider the sufficiency of the evidence against Gifford without the inadmissible testimonial hearsay, viewing the remaining evidence in a light most favorable to the verdict.[9]

(a) *Count 1*

Excluding Patel's statements to the officer regarding the BP robbery, the evidence supporting Count 1 of the indictment shows that McLowery identified Gifford in a photographic lineup and in court as the person who robbed her while armed with a box cutter. Such evidence was sufficient to authorize a rational trier of fact to find Gifford guilty beyond a reasonable doubt of the armed robbery alleged in Count 1, and therefore he can be retried on this count.[10]

(b) *Count 2*

With regard to Count 2, without Patel's statement, the evidence merely shows that the police responded to a 911 call from the BP station and that Gifford's fingerprints were found on two objects left at the counter. There is no evidence that Gifford robbed the station or even that an armed robbery occurred. Thus, the evidence was legally insufficient to sustain Gifford's conviction as to Count 2, and he cannot be retried on this count.[11]

3. In light of our reversal of Gifford's convictions, we need not address his remaining enumerations.

---

[8] See id. (*Crawford* violation requires reversal where hearsay evidence went to core issue of case and was the only direct evidence placing defendant at the scene); *Brawner*, supra (reversal required where hearsay evidence, although cumulative of other evidence, went to "core issue of the case" and remaining State witnesses were impeached); *Senior*, supra (reversal required where inadmissible testimony "went to the core of the [S]tate's case and was not entirely cumulative of other testimony"); compare *Humphrey v. State*, 281 Ga. 596, 599-600 (3) (642 SE2d 23) (2007) (*Crawford* violation does not warrant new trial where evidence of defendant's guilt was overwhelming); *Moody v. State*, 277 Ga. 676, 680 (4) (594 SE2d 350) (2004) (no reversal required where erroneously admitted evidence was cumulative and did not touch upon the central issue of the case); *Taylor*, supra at 704 (no harm where hearsay evidence was cumulative and did not contradict defense).

[9] See *Livingston v. State*, 268 Ga. 205, 212 (5) (486 SE2d 845) (1997); *Willingham*, supra at 888 (2) ("[E]rroneously-admitted hearsay may not be considered in reviewing the sufficiency of the evidence.") (punctuation omitted).

[10] See OCGA § 16-8-41 (a); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Robinson v. State*, 281 Ga. App. 76, 78 (1) (635 SE2d 380) (2006).

[11] See *Jackson v. Virginia*, supra; *Prater v. State*, 273 Ga. 477, 478 (1) (545 SE2d 864) (2001); *Dillard v. State*, 251 Ga. 858 (1) (310 SE2d 518) (1984).

*Judgment reversed and case remanded. Blackburn, P. J., and Bernes, J., concur.*

DECIDED OCTOBER 2, 2007.

*James G. Tunison, Jr.*, for appellant.
*J. David Miller, District Attorney, Bradfield M. Shealy, Laura A. Wood, Assistant District Attorneys*, for appellee.