**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**May 1, 2020**

# In the Court of Appeals of Georgia

A20A0498. JOHNSON v. THE STATE.

REESE, Presiding Judge.

Kevin Alan Johnson was convicted of one count of burglary in the first degree, two counts of burglary in the second degree, one count of theft by taking, and one count of possession of a knife during the commission of a felony. On appeal, Johnson argues that the trial court erred in declining to strike one of the members of the jury pool for cause. For the reasons set forth infra, we affirm.

One of the prospective jurors ("Juror 33") for Johnson's trial was the wife of the district attorney. She did not express any bias for or against the State or the defendant during voir dire. Neither the State nor defense counsel asked Juror 33 if her relationship with the district attorney might impact her view of the case. The trial court gave the State and defense counsel the opportunity to question Juror 33 through

individual voir dire, but both declined to do so. Defense counsel then moved to strike Juror 33 for cause, arguing that he did not "think it's possible that she can be unbiased" because she was married to the head prosecutor.

The trial court denied the motion. The court found that there was nothing in the record showing possible bias, Juror 33 was an independent professional, and the court would not automatically conflate her views with the district attorney's. She was put in the pool as a potential alternate juror. Juror 33 was ultimately not selected to the jury and not selected as an alternate.

"Whether to strike a juror for cause lies within the sound discretion of the trial judge, and the trial court's exercise of that discretion will not be set aside absent a manifest abuse of discretion."[1] "As the trial court's conclusion regarding bias is based in part on demeanor and credibility, which are peculiarly within the trial court's province, those findings are to be given deference."[2] With these guiding principles in mind, we now turn to the Johnson's specific claim of error.

---

[1] *Brown v. State*, 295 Ga. 804, 808 (4) (764 SE2d 376) (2014) (citation and punctuation omitted).

[2] *Porter v. State*, 278 Ga. 694, 697 (5) (606 SE2d 240) (2004) (citation and punctuation omitted).

2

In his sole enumerated error on appeal, Johnson argues that the trial court erred in failing to strike Juror 33 from the jury pool for cause. He contends that her presence in the jury pool violated OCGA § 15-12-135 (a)[3] as an interested party, because of her relationship to the district attorney.

In 2018, the Georgia Supreme Court issued new precedent as to what constitutes harmful error when a trial court refuses to excuse a prospective juror for cause.[4] Prior to 2018, a defendant could show harm where they unnecessarily had to use a peremptory strike on a juror that should have been excused for cause.[5] After the Supreme Court's decision in *Willis*, however, "a defendant must show on appeal that one of the challenged jurors who served on his or her twelve-person jury was

---

[3] OCGA § 15-12-135 (a) states:

All trial jurors in the courts of this state shall be disqualified to act or serve in any case or matter when such jurors are related by consanguinity or affinity to any party interested in the result of the case or matter within the third degree as computed according to the civil law. Relationship more remote shall not be a disqualification.

[4] See *Willis v. State*, 304 Ga. 686, 701-707 (11) (820 SE2d 640) (2018).

[5] See id. at 702 (11) (a).

3

unqualified."[6] Applying that new rule to the case before it, the Supreme Court held that any error in qualifying two particular jurors was harmless because neither juror ultimately served on the defendant's jury.[7]

In this case, Juror 33 did not serve on Johnson's twelve-person jury or as an alternate. Thus, any error in qualifying this juror despite her relationship to the district attorney "was harmless, because, based on [Juror 33's] placement on the list of potential jurors and the parties' combined use and lack of use of their peremptory strikes, [she] never served as a member of [Johnson's] twelve-person jury."[8]

*Judgment affirmed. Markle and Colvin, JJ., concur.*

---

[6] Id. at 707 (11) (a).

[7] See id. at 707 (11) (b)-(c).

[8] *Willis*, 304 Ga. at 707 (11) (c).

4