**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 24, 2022**

# In the Court of Appeals of Georgia

A21A1401. TANKSLEY v. THE STATE.

REESE, Judge.

In 2008, a Richmond County jury found Jordash Tanksley guilty of burglary, armed robbery, aggravated assault, and possession of a firearm during a felony.[1] The superior court sentenced him as a recidivist to life plus 45 years' imprisonment.[2] On appeal, we affirmed Tanksley's convictions, but vacated and remanded for resentencing because certified copies of Tanksley's convictions were never entered into the record below.[3] Tanksley now appeals from the denial of his amended motion for new trial following resentencing. For the reasons set forth infra, we affirm.

---

[1] See OCGA §§ 16-7-1; 16-8-41; 16-5-21; 16-11-106.

[2] See OCGA § 17-10-7 (a), (c).

[3] *Tanksley v. State*, 323 Ga. App. 299, 305-306 (3) (743 SE2d 585) (2013).

The facts of the crime are set forth in the prior appeal:[4]

[D]uring the early morning hours of July 30, 2007, Tanksley and his father, Clarence Tanksley, along with Derrell McNair and Megan McClendon, drove to a clothing store. Clarence Tanksley broke the store's window. Clarence Tanksley and McNair then entered the store through the broken window. The store owner and his girlfriend were asleep in the store's office at the time, and they were awakened by the sound. The owner yelled loudly so that the intruders would know that someone was in the store. After hearing several gunshots, the owner returned fire by shooting through the office wall. McNair was struck by a bullet. Tanksley, who was in the driver's seat of the car parked outside the store, fired two or three shots. The intruders left after taking some clothing, a television, and a computer.[5]

At the original sentencing hearing,

the prosecutor purported to tender certified copies of two of Tanksley's prior convictions into evidence as Exhibits 1 and 2, "and as soon as it comes down [from the clerk's office] Exhibit 3 for purposes of sentencing." The trial court did not admit the tendered convictions into evidence, but asked the clerk, court reporter, and Tanksley to be "held back here until we get the certified copy." There is nothing else on the record about the matter. [It was undisputed on appeal that] certified

---

[4] *Tanksley*, 323 Ga. App. at 299-300.

[5] Id.

copies of Tanksley's three alleged convictions were never entered in the record.[6]

In the prior appeal, we affirmed Tanksley's convictions but vacated his sentence, concluding that "defense counsel did not waive the requirement that the convictions be proven by the State, which failed to carry its burden of showing by competent evidence that Tanksley was a recidivist."[7] We remanded for resentencing, noting that "[t]he State [was] not precluded from introducing evidence of Tanksley's prior convictions at his resentencing."[8]

At the resentencing hearing, the prosecutor proffered three certified copies of prior felony convictions. The court "allow[ed] admission of the three certified copies of convictions." The resentencing court found that the convictions were three separate felonies for the purpose of sentencing as a recidivist. The court imposed a sentence of life imprisonment plus 45 years, noting that it was without the possibility of parole.

---

[6] *Tanksley*, 323 Ga. App. at 305 (3) (additional punctuation omitted).

[7] *Tanksley*, 323 Ga. App. at 306 (3).

[8] Id. at 306, n. 4 (3).

In January 2015, Tanksley filed a motion for new trial, which he amended in December 2018. After a hearing, the trial court denied the motion in April 2020.[9] This appeal followed.

We review questions of law de novo.[10] With this guiding principle in mind, we turn now to Tanksley's claims of error.

1. Tanksley argues that, although certified copies of his three prior felony convictions were explicitly admitted at his resentencing hearing, the State failed to perfect the record.

After the briefs were filed in this appeal, the trial court submitted the exhibits from the resentencing hearing to this Court. As a result, this claim of error is moot.[11]

---

[9] See *Owens v. State*, 303 Ga. 254, 258 (4) (811 SE2d 420) (2018) (reminding the bench and bar that "we do not condone … inordinate delay[s] in … motion for new trial proceeding[s]," as such "delays put at risk the rights of defendants and crime victims and the validity of convictions obtained after a full trial[ ]") (citation and punctuation omitted).

[10] See *State v. Huffman*, 351 Ga. App. 853, 854 (833 SE2d 552) (2019) (reviewing due process argument regarding notice of probation revocation petition); *Mitchell v. State*, 343 Ga. App. 116, 117 (806 SE2d 226) (2017) (reviewing application of rule of lenity); *Strickland v. State*, 301 Ga. App. 272, 273 (687 SE2d 221) (2009) (reviewing double jeopardy challenge to resentencing).

[11] See *Jarvis v. Jarvis*, 291 Ga. 818, 819 n. 2 (733 SE2d 747) (2012).

2. Tanksley contends that the resentencing violated the rule of lenity because there is an ambiguity between application of OCGA § 17-10-7 (a) and (c), and that his sentence thus should not have been enhanced.

OCGA § 17-10-7 (a) provides in part that "any person who, after having been convicted of a felony offense . . . commits a felony punishable by confinement in a penal institution shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted[.]" Subsection (c) provides in part:

> [A]ny person who, after having been convicted [of] three felonies . . . , commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

Under this clear statutory scheme, once the trial court allowed admission of the prior felony convictions and found that they were three separate felonies for sentencing purposes, it "properly sentenced [Tanksley] to life imprisonment without parole on his armed robbery conviction, and in fact had no discretion to do otherwise."[12] OCGA § 17-10-7 (a) and (c) can be read together so that the former

---

[12] *Wynn v. State*, 332 Ga. App. 429, 437 (5) (773 SE2d 393) (2015).

recidivist statute applies where the defendant has one or two prior felony convictions and the latter provision applies when the defendant has at least three prior felony convictions. Because the two subsections can be read in harmony, there is no ambiguity.[13] And, because there is no ambiguity, the rule of lenity does not apply.[14]

3. Tanksley argues that his resentencing violated the Double Jeopardy Clause and that his sentence is thus void as a matter of law under the general rule that once a defendant is sentenced and begins to serve his sentence, the sentence may not be increased.

Tanksley relies in part on *Higdon v. Cooper*, a 1981 decision in which the Supreme Court of Georgia stated that "[o]nce a defendant begins to serve his sentence it may not be increased."[15] However, that court later stated that *Higdon* was no longer good law, clarifying: "the double jeopardy considerations that bar reprosecution after

---

[13] See *Nordahl v. State*, 344 Ga. App. 686, 695-696 (3) (811 SE2d 465) (2018) (holding rule of lenity did not apply because OCGA § 16-7-1 (b) and OCGA § 17-10-7 (a) could be read in harmony in sentencing an habitual burglar).

[14] See *State v. Nankervis*, 295 Ga. 406, 409 (2) (761 SE2d 1) (2014) ("The rule of lenity comes into play only to resolve ambiguities[.]") (citation and punctuation omitted).

[15] 247 Ga. 746 (279 SE2d 451) (1981).

6

an acquittal do not prohibit review of a sentence that is statutorily permissible."[16] As we held in *Railey v. State*, "a retrial to establish a prior conviction for the purpose of enhancing a sentence is not prohibited: Whether double jeopardy precludes a retrial to establish a prior conviction depends upon whether the purpose of the conviction is to enhance the sentence or to prove an actual element of the offense. Here, because the prior convictions were not elements of the offenses and were only used for sentencing, this claim is without merit."[17]

4. Tanksley contends that the resentencing violated his right to due process because the State did not provide his attorney with certified copies of the prior sentences until the resentencing hearing.

The record shows that, almost eight months prior to trial, the State filed a notice of its intent to seek recidivist sentencing under OCGA §§ 17-10-2 and 17-10-7 (c). According to the notice, the State attached evidence of the three prior felony

---

[16] *Wilford v. State*, 278 Ga. 718, 720 (606 SE2d 252) (2004) (punctuation and footnote omitted).

[17] 273 Ga. App. 520, 522 (3) (615 SE2d 609) (2005); see also *Loveless v. State*, 344 Ga. App. 716, 721-723 (1) (b) (812 SE2d 42) (2018) (holding that the trial court did not err in resentencing the defendant as a recidivist under OCGA § 17-10-7 (c) and ineligible for parole where the defendant had unsuccessfully challenged his conviction and the trial court had determined on remittitur that the original sentence was void).

convictions to Tanksley's copy of the notice, but did not file copies with the court. Tanksley does not dispute that the copies were provided with the notice, but complains that his post-conviction attorney did not get a chance to review them before the resentencing hearing.

"The purpose behind requiring notice of the State's intent to offer evidence in aggravation is to afford the defense time to validate the prior offenses and investigate possible bases for exclusion of the evidence."[18] Even now, Tanksley does not contend that the convictions were not his, that he was not represented by counsel, or that the convictions were inadmissible for any other reason. "Due process guarantees that a defendant will be afforded both notice and an opportunity to be heard."[19] Because Tanksley received both, his due process argument fails.[20]

*Judgment affirmed. Doyle, P. J., and Brown, J., concur.*

---

[18] *Wynn v. State*, 228 Ga. App. 124, 128 (3) (a) (491 SE2d 149) (1997); accord *Franklin v. State*, 245 Ga. 141, 149-150 (5) (263 SE2d 666) (1980).

[19] *Redd v. State*, 281 Ga. App. 272, 273 (635 SE2d 870) (2006).

[20] See id. at 273-274.